Braden, Administrator, *v.* Lemmon *et al.*

Filed Jan. 27, 1891.

———————◆———————

No. 14,735.

BRADEN, ADMINISTRATOR, *v.* LEMMON ET AL.

PAYMENT.—*Plea of.*—*Proof.*—Proof that an attorney retained out of money collected on a judgment recovered for his client a sum sufficient to satisfy his lien for fees, will sustain a plea that the note given by the client to the attorney for such fees was paid.

SAME.— *Verdict.*— *Variance.*—A finding that other attorneys had an interest in the note in suit will not be disregarded as in conflict with the note, the court having found that it was agreed between the client and his attorneys that payment should be made to the payee of the note.

SAME.---*Question of Fact.*—Payment is a question of fact, and where the fact of payment of a note, the ultimate fact in issue between the parties to the suit, is stated as a conclusion of law and not as a statement of fact, the finding can not be aided by the conclusion of law, and a new trial should be granted.

From the Noble Circuit Court.

*L. H. Wrigley,* for appellant.

*L. W. Welker, H. Corbin* and *J. D. McLaren,* for appellees.

COFFEY, J.—This was an action, in the Noble Circui

Court, instituted by the appellee Lemmon, to foreclose a
mortgage on the land described in the complaint, executed
to him in the year 1874, by one Moore.   The appellant, as
administrator of the estate of Fielding Prickett, deceased,
filed a cross-complaint, in which he sought to foreclose a
mortgage executed to Prickett in the year 1880, on the same
land to secure a note for the sum of five hundred dollars.
The appellees Corbin and McLaren who are now the own-
ers of the real estate covered by these mortgages, answered,
that the note executed by Moore to Prickett had been paid by
Moore.   The court, upon proper request, made a special
finding of the facts proven on the trial, and stated its con-
clusions of law thereon.   The facts found by the court, so
far as they affect the controversy here are, substantially, as
follows :   That on the 11th day of March, 1880, Alexander
Moore executed the mortgage set out in the appellant's cross-
complaint, to secure a promissory note of that date for the
sum of five hundred dollars, due six months after date, bear-
ing eight per cent. interest from date, with attorney's fees;
that said note, principal, interest, and attorney's fees, is due
and unpaid, except as the facts hereinafter found show the
same to be paid, and that said mortgage was the only mort-
gage ever executed by said Moore to said Prickett; that
Samuel Braden, as administrator of the estate of Prickett, is
entitled to recover, as attorney's fees, on said note, $20;
that Prickett departed this life, at Noble county, Indiana,
where he resided, on the 28th day of May, 1886, the owner
of the note and mortgage above described ; that on October
3d, 1879, said Alexander Moore commenced a suit in the
Noble Circuit Court against Stansberry W. Lemmon for the
recovery of damages, and that said Prickett and H. G. Zim-
merman, who were both practicing attorneys of said county,
were employed as his attorneys at the commencement of the
suit; that about the time the suit was commenced it
was ascertained that some one would have to furnish Moore
money to pay expenses of taking depositions in the State of

Ohio, and other expenses and outlays; that it was then agreed betwen Moore and his said attorneys that Moore should execute to Prickett a mortgage upon the real estate here involved to secure the fees of his attorneys, and to secure the repayment of the money advanced to him by Prickett to pay the expenses and outlays above named; that said note and mortgage were executed to Prickett in Van Wert county, in the State of Ohio, while there taking depositions in said cause, in the absence of Zimmerman, and there is no evidence to prove what was said or agreed between Prickett and Moore, at the time, as to the consideration. After the commencement of the suit by Moore against Lemmon, and before the execution of said note and mortgage, Isaac E. Knisely, an attorney of Noble county, was also employed by Moore as an attorney in said suit, and became associated with Prickett and Zimmerman in the prosecution of the same. Judgment was rendered in said cause in favor of Moore, on the 8th day of April, 1880, for the sum of $1,300, which, on appeal to the Supreme Court, was affirmed.

At the time of the rendition of said judgment Prickett, Zimmerman, and Knisely, took a lien thereon for the sum of five hundred dollars, for their fees in the prosecution of the suit. On the 15th day of May, 1884, Lemmon paid to the clerk of the Noble Circuit Court the sum of seven hundred dollars on said judgment, six hundred and twenty-three dollars and eight cents of which was receipted for and drawn out by Prickett in satisfaction of the attorneys' lien, and the interest thereon. Of this sum he paid Zimmerman $230, Knisely $120, and retained $273.08 for himself.

The court stated, as a conclusion of law, upon these facts, that the sum of $623.08, shown by the findings to have been received by Prickett from the clerk of the Noble Circuit Court, on the 16th day of May, 1884, should be credited as of that date on the note for $500, described and set out in the cross-complaint of Samuel Braden, as administrator of the estate of Prickett; that there is due to said administra-

tor upon said note, after deducting said credit, the sum of $60.42, principal and interest, and $20 attorney's fees, making a total of $84.42.

Thereupon the court entered a decree for the sale of the mortgaged premises, to pay the sum above found due.

The appellant, at the proper time, excepted to the court's conclusion of law upon the facts found. The appellees Corbin and McLaren also excepted to the conclusions of law. The questions involved in the case are properly presented here by assignment of error on behalf of the appellant, and by assignment of cross-errors on behalf of the appellees Corbin and McLaren.

It is contended by the appellant that the court should have stated, as a conclusion of law, from the facts found, that the note and mortgage executed by Moore to Prickett were wholly unpaid; while it is contended by the appellees, Corbin and McLaren, that the court should have stated, as a conclusion from the facts, that the mortgage was fully paid and satisfied.

It is first contended by the appellant that, conceding the six hundred and twenty-three dollars collected on the lien for attorney's fee to be a proper credit on the mortgage, under a proper pleading the facts as found by the court do not sustain the plea that it was paid by Moore to Prickett.

We are not inclined to give our assent to this contention. The judgment recovered by Moore against Lemmon was the property of Moore. True, his attorneys had a lien upon it for their fees in obtaining it, but his title was not divested. If his attorneys collected the money on the judgment, and applied it to the satisfaction of their fees, it may well be said that Moore paid them, as they were paid out of his money. Assuming that there was a variance between the plea of payment filed by Corbin and McLaren, we think the variance an immaterial one. Section 391, R. S. 1881; *Farley* v. *Eller*, 29 Ind. 322; *Krewson* v. *Cloud*, 45 Ind. 273.

It is also contended by the appellant that the facts stated in the special finding tending to show that Zimmerman and

Knisely had an interest in the debt evidenced by the five hundred dollar note in suit, are in conflict with the note, because the note is payable to Prickett alone, and should not be considered.

It is true that, ordinarily, a party who executes a note to another will be estopped from saying that the party to whom the note is made payable is not the real party in interest. *Johnson* v. *Conklin*, 119 Ind. 109.

The principle here contended for is of little importance, however, in this case, as the money about which this contention is waged was all received by Prickett. The relation existing between him and his associates was a matter to be settled between themselves. No reason is suggested, and we know of none, why Moore and his attorneys might not make a valid agreement to the effect that all their fees in the case of Moore against Lemmon should be paid Prickett.

The court finds that such an agreement was made. Proof of such an agreement would not contradict the note, but would prove the consideration upon which it is based.

The real controversy between the parties relates to the effect of the special finding above referred to, the appellant contending that payment is an ultimate fact to be found by the court, while it is contended by the appellees that payment is a conclusion of law to be deduced from a given state of facts.

Mr. Thompson, in his work on Trials, vol. 1, section 1253, says: "There is no rule of law as to what is or as to what is not payment. Payment is simply the doing of what a man has agreed to do. It is, therefore, a pure question of fact; and where a man has agreed to pay, and tenders what he understands to be a performance of his agreement, and the other party accepts, it is a naked question of fact and intent whether it was accepted as performance. In every such case the ultimate point of inquiry does not touch a rule of law, but stops at a conclusion of fact." As applied to this

case we fully concur in what Mr. Thompson says upon this subject. . Payment is a question of fact, and not one of law.

It will be observed that in what purports to be the special finding of facts, there is no direct finding that any portion of the note set up in the cross-complaint has been paid.

The facts found by the court are evidential facts tending strongly, no doubt, to prove that the money collected by Prickett on the Lemmon judgment was intended by the parties as a payment on the note in suit ; but the ultimate fact of payment is not stated in the special finding of facts. It is stated, however, as a conclusion of law.

If what purports to be the finding of facts is to be considered separate and apart from that which purports to be the conclusions of law, then the special finding is defective ; but if they are to be considered as a whole, the ultimate fact of payment appears. The question, therefore, is, shall we reject the finding of the ultimate fact of payment because it is stated as a conclusion of law, and not as a statement of fact.

The question here presented does not seem to be open to argument.

In the case of *Kealing* v. *Vansickle*, 74 Ind. 529, it was held that if, in the special finding, items of evidence only are stated, instead of the facts which ought to be found, and if the statement of the legal conclusions embraces matters of law, and also matters of fact which ought to have been found as such, a *venire de novo* should be granted.

In the case of *Jarvis* v. *Banta*, 83 Ind. 528, it was held that the special finding of facts could not be aided or enlarged by the conclusions of law stated by the court.

Following these cases we are constrained to hold that we can not look to what purports to be the conclusion of law in this case to aid the finding of facts ; and that, for this reason, the special finding is defective in failing to find the fact of payment, the ultimate fact in issue between the parties.

This conclusion renders it unnecessary to consider the cross-errors assigned by the appellees.

Judgment reversed, with directions to the circuit court to set aside the finding and grant a new trial.

Filed Jan. 28, 1891.