## QUINN, ADMINISTRATOR, v. CHICAGO & ERIE RAILROAD COMPANY.

[No. 20,153. Filed April 6, 1904.]

RAILROADS.—*Death of Pedestrian at Crossing.—Contributory Negligence.—Failure to Look and Listen.*—A pedestrian approached a street and railway crossing, and, while standing on or near a side-track watching a through freight pass over the main track, was struck and killed by a backing train on the side-track. Such pedestrian was, at the time, fully possessed of his senses of sight and hearing, and could have seen the back-

ing train and avoided the collision if he had looked, which he failed to do.  *Held*, that he was guilty of such contributory negligence as to preclude a recovery.

From Jay Circuit Court; *J. M. Smith*, Judge.

Action by Barton W. Quinn, administrator of the estate of Robert A. Boblett, deceased, against the Chicago & Erie Railroad Company. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed*.

*D. B. Ninde, D. B. Erwin, J. W. Headington* and *O. S. Whiteman*, for appellant.

*W. O. Johnson, O. H. Adair, J. F. LaFollette* and *A. P. Beatty*, for appellee.

Dowling, J.—This action was brought by the administrator of the estate of Robert A. Boblett, deceased, against the Chicago & Erie Railroad Company, to recover damages on account of injuries resulting in the death of Boblett, alleged to have been caused by the negligence of the railroad company. The complaint was in a single paragraph, and the answer a general denial. The cause was tried by a jury, who returned a general verdict for the plaintiff, with answers to numerous questions of fact. The court sustained defendant's motion for judgment in its favor on the answers of the jury to the questions submitted to them. The plaintiff appeals, and the ruling on the motion for judgment is the error assigned.

Omitting its formal parts, the complaint stated the following facts: On August 5, 1899, and for more than one year previous to that date, the appellee owned and operated a line of railroad extending from Chicago, Illinois, to and through Decatur, Indiana; said railroad passed through the city of Decatur from east to west, intersecting a public street of said city running from north to south, and known as Third street. In addition to its main track, so intersecting said street, the appellee maintained a side-track on the south side of the main track, and parallel with it,

running across said street eastward to appellee's freight-house in said city. On said day, while appellant's decedent was passing northward along the sidewalk on the west side of said Third street, and south of said side-track, a train of freight-cars, with an engine attached to the east or far end of said train, was on said side-track east of said Third street, and ten feet distant therefrom; said train was standing still, without sign or signal that it would be moved except upon due notice to passers-by. As the decedent approached the said crossing, he carefully watched for dangers which might arise from moving trains upon said railroad, and took notice of said train so standing on said side-track. When he was about to step upon said track, appellant's east-bound freight-train approached said crossing from the west, and the decedent then and there stopped to await the passing of said through freight-train on said main track. While he was waiting for the passing of said train, appellee's servants negligently, and without notice or warning to the decedent by bell or whistle or otherwise, moved the said freight-train before that standing on the said side-track. By reason of the passing of said freight train on the main track, and the noise and dust occasioned thereby, the decedent was unable, by the exercise of the utmost care and diligence, to hear or become aware of the approach of said freight-train on said side-track, and he had no knowledge of its approach. In consequence of the negligence of the appellee in failing to warn him of the approach of said train on said side-track, the decedent was struck by the west end of said train, and sustained injuries from which he died on the same day. Said injuries were occasioned entirely by the negligence of the appellee, and without fault on the part of the decedent.

The answers of the jury to the questions submitted to them establish these facts: Third street was one of the public streets of the city of Decatur, and was sixty feet wide. Two tracks of the appellee's railroad, described as

the main track and the side-track, crossed Third street at right angles. On August 5, 1899, between 10 and 11 o'clock in the forenoon, the day being clear, the decedent came along Third street, carrying a basket of clothes on his right shoulder, and approached the tracks. He was acquainted with the railroad crossing at Third street, and possessed ordinary intelligence. His eyesight and hearing were good. When he arrived at the crossing, a through freight-train on the main track was moving toward Third street. When he was from sixty to eighty feet south of the side-track, appellee's freight-engine, with two loaded cars, went east on the side-track, and when he reached the crossing at Third street, this engine and these cars were standing still near Winchester street, which was about three hundred fifteen feet east of Third street. The engine and two cars were then from two hundred fifty to two hundred sixty feet east of the crossing. The east end of that portion of the train on the side-track which had been cut off from the two cars was about six hundred feet westward from the crossing. The decedent stopped near the south rail of the side-track, and remained on or near the track about two minutes, watching the through freight-train on the main track, which passed in front of him, and only a few feet away, at a speed of from eight to ten miles per hour. No obstruction prevented him from seeing the engine and two cars on the side-track, and if he had looked eastward he could have seen them when they were standing still, or after they started westward, when they were approaching him. While decedent's attention was directed to the train on the main track, the local freight-engine and the two cars were run back, westward, at a speed of about four miles per hour, and struck the decedent while he was standing on or very near the side-track.

Counsel for appellant say in their brief: "These findings, taken in connection with the allegations of the complaint and the evidence which could have been introduced

under the issues as joined, raise the flat and simple question whether there can be a recovery when a foot traveler on a public street, approaching a railroad crossing where there are two tracks, sees a train standing motionless on the track nearest him, and goes upon or near that track, and stands there, awaiting the passing of a train upon the further track, to which his attention is directed, and while so standing, with his attention directed to the passing train, is struck by the train upon the first track backing noiselessly down upon him, without signal or warning of any kind being given him of its approach."

The effect of the general verdict is that the railroad company was negligent in moving its train westward on the side-track, and that no signal of the starting or approach of said train was given by the ringing of the bell, the sounding of the whistle, or otherwise. The only question is whether negligence on the part of the decedent contributed to produce the injury complained of. In other words, do the answers of the jury show that, as a matter of law, the decedent himself was negligent, and that his want of care for his own safety was one of the causes of the accident and injury.

Railroad crossings on streets and highways have always been recognized as places of extraordinary danger, and, when passing over the intersecting tracks, all persons competent to exercise care for their own protection and safety are required by the law to use their faculties of sight and hearing, when such use is possible, and to act upon the presumption that engines or trains may be expected to pass in either direction at any moment. It is also a matter of common knowledge that trains are often moved backward along the track, and that when running slowly they make but little noise. The place of danger at a street crossing is upon the track, and within a short distance outside the rails. If a traveler voluntarily or without reasonable cause stops on the track, or so near it as

to expose himself to injury by passing trains, and, while in such a position of danger, fails to look in both directions and to listen for the noises which ordinarily indicate the approach of a train, and is struck by a locomotive or car negligently run upon the track, his own want of care must be held to be one of the causes of the accident, and there can be no recovery for the injury.   In this State the rule is without exception, where the injury is not wilfully inflicted, that the injured person, if competent to exercise care for his own safety, must himself be without fault contributing to the production of the accident, if the defendant is to be held liable.   *Bellefontaine R. Co.* v. *Hunter,* 33 Ind. 335, 356-366, 5 Am. Rep. 201; *Ohio, etc., R. Co.* v. *Hill,* 117 Ind. 56; *Chicago, etc., R. Co.* v. *Hedges,* 118 Ind. 5; *Pennsylvania Co.* v. *Meyers,* 136 Ind. 242; *Morford* v. *Chicago, etc., R. Co.,* 158 Ind. 494, 498, 499; *Baltimore, etc., R. Co.* v. *Talmage,* 15 Ind. App. 203; *Smith* v. *Wabash R. Co.,* 141 Ind. 92; *Pittsburgh, etc., R. Co.* v. *Fraze,* 150 Ind. 576, 65 Am. St. 377.

In the present case the tracks of the appellee were straight, and the view from the point where the decedent stood was unobstructed for more than three hundred feet eastward, and upwards of six hundred feet westward. While standing still, the western end of the train which afterwards struck the decedent was about two hundred fifty feet eastward from him, and in plain view all the time. When it started toward him, at a speed of four or five miles per hour, if the decedent had looked in its direction, he must have seen it before it reached Third street, and ample time would have been afforded him to get off the track. The circumstance that his attention was directed to a train passing on the north track constituted no excuse for his failure to observe the train approaching him on the south track, nor for his negligence in standing upon the south track, or very near to it. If the movement of the train on the north track filled the air with dust,

thereby obscuring the view up and down the south track, this was but an additional reason for the exercise of greater vigilance on the part of the decedent. *Oleson* v. *Lake Shore, etc., R. Co.,* 143 Ind. 405, 32 L. R. A. 149; *Cincinnati, etc., R. Co.* v. *Duncan,* 143 Ind. 524. If this condition existed, common prudence required that the decedent should get off and away from the track. The decedent had a basket of clothing on his right shoulder, and this probably prevented him from seeing the train as it came toward him. Had he turned his face eastward, or if he had put the basket down when he went upon the track, he must have discovered the coming train, and could instantly have stepped aside into a place of safety. He failed to take this natural and reasonable precaution, and his want of care for his own safety certainly contributed in some degree, and, as we think, in a very considerable degree, to occasion the accident and injury.

The answers of the jury established the fact of contributory negligence on the part of the decedent. This being so, there could be no recovery by the plaintiff, and the court did not err in rendering judgment for the defendant.

Judgment affirmed.