## VAN WINKLE *v.* NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY.

[No. 5,056. Filed January 25, 1905.]

1. RAILROADS.—*Street Crossing.—Contributory Negligence.*—Where plaintiff went along the public street to a railroad crossing consisting of double tracks, and stood near one of the tracks watching a freight-train pass, and while standing, another train backed from the other side on the other track, striking and injuring him, and there was nothing to prevent him from seeing such train, he was guilty of contributory negligence, and the fact that defendant was also negligent in not providing a lookout and giving signals would not relieve him. p. 479.

2. SAME.—*Street Crossing.—Contributory Negligence.*—Where plaintiff was injured by being struck by a train backing over a street crossing, and his contributory negligence is shown, he can not recover

unless he can show a wilful injury or that, having discovered him in a perilous position, the defendant failed to use proper care for his safety. p. 481.

3. NEGLIGENCE.—*Contributory.*—*Burden of Proof.*—The burden of proving contributory negligence is on the defendant, but if the evidence of the plaintiff alone shows such, there can be no recovery. p. 481.

4. PLEADING.—*Contributory Negligence.*—If plaintiff in his complaint sets out facts showing himself guilty of contributory negligence, his complaint will be bad on demurrer. p. 481.

From Whitley Circuit Court; *Joseph W. Adair,* Judge.

Action by Isaac Van Winkle against the New York, Chicago & St. Louis Railroad Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Thomas J. Logan* and *Marshall, McNagny & Clugston,* for appellant.

*Walter Olds, Newton D. Doughman* and *John H. Clarke,* for appellee.

ROBINSON, P. J.—Appellant refused to plead further when the court sustained a demurrer to his complaint, and appellee was given judgment for costs.

In the city of Ft. Wayne, appellee has two lines of track running east and west across Ewing street. On October 24, 1901, appellant, nearly seventy-five years old, stooped in form, walking with the aid of a cane, impaired in sight and hearing, and decrepit and infirm in physical strength, was walking south on Ewing street, and, as he was about to cross appellee's tracks, a long freight-train, coming in from the west on the south track, impeded his progress in going south. As the train approached, and when passing over the crossing, the whistle was loudly blowing, the escape valves on the engine were emitting steam, the bell on the engine ringing continuously, and the wheels of the cars rattling over the rails. Before and at the time of the approach of the train, and the passing of the engine and cars over the crossing, appellant was standing on the sidewalk "on the west side of said Ewing street, near the north rail of the

north track of said road, with his back partially to the east and his face partially toward the west, intently observing the said engine and cars moving toward him and said crossing as aforesaid, and intending to cross the tracks as soon as the moving train should be out of the way." While this train was moving eastward appellee was operating an engine with two cars on the north track, and on the east side of Ewing-street crossing. When appellant approached the crossing this engine and cars were standing on the east side of Ewing street, with the head of the engine pointing eastward. While appellant "was engrossed in watching the approach of the train from the west, and its passage over the crossing," the engine with the two cars was started backward by the servants of appellee, who ran the same backward across the crossing to where appellant was standing, without ringing the bell or blowing the whistle or giving any signal of its approach, or without any person on the rear of the train, or watchman at the crossing, but carelessly and negligently, noiselessly and without warning, backed the engine and cars against appellant, whereby he was injured. If appellee had rung the bell and sounded the whistle, or had a watchman on the rear end of the cars, or a watchman at the crossing, to warn persons of the approach of the cars, appellant would have heard such signals or warnings, if given, and then avoided the collision. At the time there was in force a city ordinance making it unlawful to run a locomotive or train of cars backwards without providing a watchman or other person on the rear of such train to avoid accidents.

The second paragraph avers, in addition, that appellant was in plain view of the servants in charge of the engine and cars, and could have been seen by them, had they been on the lookout, and that the engine and cars, as they moved backward across the street, could have been stopped within the space of one foot.

The demurrer was properly sustained to each paragraph.

The pleading shows that appellee was negligent, but the failure of appellee to give the required signals and to provide a watchman did not relieve appellant from the necessity of taking ordinary precautions for his own safety. Appellant was not injured while in the act of passing over a crossing. He approached the crossing, and stopped and stood practically on the crossing—he stood so near the north track that, when the engine and cars backed on the crossing, they struck him. It does not appear how long it was after he reached the crossing that he was struck, but it does appear that he had stopped on the crossing, and was watching the approach of the "freight-train from the west,•and its passage over the crossing," when he was struck. The engine and two cars stood just east of him on the north track. It is not shown that anything whatever prevented him from seeing them, and it must be presumed he did see them. It is true the front of the engine was toward the east, but the engine and cars were standing, and appellant could rely neither upon the presumption that they would remain standing, nor that, if they did move, they would move toward the east.

1. When appellant reached the railroad track, the track itself was a warning of danger. *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 32 L. R. A. 149; *Lake Shore, etc., R. Co.* v. *Miller* (1872), 25 Mich. 274, 290; *Allyn* v. *Boston, etc., R. Co.* (1870), 105 Mass. 79; *Durbin* v. *Oregon R., etc., Co.* (1888), 17 Ore. 5, 17 Pac. 5, 11 Am. St. 778. He was required to act not only upon the assumption that trains might pass at any time, but also that this engine and cars might come over the crossing at any time. Nothing · was done by appellee to prevent appellant giving heed to his position and surroundings, and taking proper precautions for his own safety. There was nothing to divert his attention which excused him from observing. Instead of giving heed to the presence of the engine and cars which he knew were near him, and guarding against the danger of being

struck by them, should they be moved backward over the crossing, he stood practically on the track, with his "back partially" toward them and "his face partially toward the west, intently observing" the freight-train on the other track, and, "while engrossed in watching the approach" of the freight-train, was struck. He gave no heed whatever to the engine and cars on the north track, which he knew would strike him if they moved backward. From the facts averred the conclusion can not be avoided that he needlessly and unnecessarily exposed himself to danger, and recklessly and carelessly neglected to exercise that prudence and care which the circumstances at the time demanded. It is true, it is averred, that appellant was old, that he was physically infirm, and that his senses of sight and hearing were impaired; but no facts are averred to show that by reason of his infirmities he was not competent to take care of himself, or that he did not fully understand the situation in which he voluntarily placed himself. Neither did the fact that he was "intently observing" and was "engrossed in watching" the freight-train excuse the omission of duty to guard against danger from the engine and cars which he knew were near him. While he might presume that those in charge of the engine would obey the law by giving the signals, yet the law required of him that he obey the instincts of self-preservation, and not place himself in a position which, notwithstanding appellee's omission of duty, he might have avoided by the careful use of his senses. See *Oleson* v. *Lake Shore, etc., R. Co., supra,* and cases cited; *Cincinnati, etc., R. Co.* v. *Howard* (1890), 124 Ind. 280, 8 L. R. A. 593, 19 Am. St. 96; *Morford* v. *Chicago, etc., R. Co.* (1902), 158 Ind. 494; *Durbin* v. *Oregon R., etc., Co., supra; Wilcox* v. *Rome, etc., R. Co.* (1868), 39 N. Y. 358, 100 Am. Dec. 440; *Seefeld* v. *Chicago, etc., R. Co.* (1887), 70 Wis. 216, 35 N. W. 278, 5 Am. St. 168; *Schofield* v. *Chicago, etc., R. Co.* (1885), 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. Ed. 224.

2.   It is averred in the second paragraph that the engine and cars could have been stopped within the space of one foot, and that those in charge of the engine could have seen appellant, had they been on the lookout.   It is not averred that they did see him, or that they knew he was on the crossing at the time.   It is not claimed that the pleading makes a case of wilful wrongdoing.   Nor does the pleading make a case of the failure of the servants in charge of the engine to exercise due care after becoming aware of appellant's dangerous position, thus making appellee liable notwithstanding appellant's contributory negligence.   See *Krenzer* v. *Pittsburgh, etc., R. Co.* (1898), 151 Ind. 587, 68 Am. St. 252.

3.   While the burden of showing contributory negligence, in a case like this, now rests upon the defendant, yet if, upon a trial, the evidence given by the plaintiff alone should show contributory negligence, there could be no recovery.   *Indianapolis, etc., Transit Co.* v. *Haines* (1904), 33 Ind. App. 63; *City of Evansville* v. *Christy* (1902), 29 Ind. App. 44; 1 Thompson, Negligence (2d ed.), §432; *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274.

4.   So, the demurrer admitting the truth of the facts well pleaded, if the pleading avers facts showing contributory negligence, it fails to state a cause of action.

Judgment affirmed.