## Lake Shore & Michigan Southern Railway Company v. Brown, Administrator.

[No. 6,028. Filed March 20, 1908.]

1. TRIAL.—*Verdict.—General.—Interrogatories.*—A general verdict controls the answers to the interrogatories to the jury, where, aided by all reasonable intendments and inferences, it may be reconciled with such answers. p. 436.

2. NEGLIGENCE.—*Duty to Use Care.*—Every person is required to use ordinary care to prevent injury to others, and to protect himself from injury. p. 437.

3. SAME.—*Questions of Law and Fact.*—Where negligence consists of a question of fact, or of mixed law and fact, it is for the jury; but where the facts are found or admitted, and but one inference can reasonably be drawn therefrom, it is a question of law for the court. p. 437.

4. RAILROADS.—*Crossings.—Contributory Negligence.*—A pedestrian, walking along a town street, who knowingly undertakes, on a clear night, to cross a railroad track, and is struck and killed by a train which he could have seen in time to avoid, if he had carefully and diligently looked and listened, as he approached such track, is guilty of contributory negligence as a matter of law. p. 437.

5. SAME.—*Crossings.—Contributory Negligence.—Presumptions.*—Where special findings, in a railroad street-crossing case, do not show that the deceased looked and listened for an approaching train, where he could have done so, the presumption will not be indulged that he had a sufficient excuse for not looking or listening. p. 439.

6. SAME.—*Crossings.—Contributory Negligence.*—A pedestrian's failure to see an approaching train at a street crossing is, as a matter of law, not excused because his mind was occupied by watching a train on the next track, which was going in the opposite direction. p. 439.

From Steuben Circuit Court; *Ezra D. Hartman*, Judge.

Action by Isaac Brown, as administrator of the estate of Emmett Brown, deceased, against the Lake Shore & Michigan Southern Railway Company. From a judgment on a verdict for plaintiff for $650, defendant appeals. *Reversed.*

*N. D. Doughman, Walter Olds, C. M. Niezer, George C. Greene* and *F. J. Jerome,* for appellant.

*E. V. Harris* and *Willis Rhoads,* for appellee.

RABB, J.—The appellee's intestate was killed by being struck by appellant's locomotive drawing a fast passenger-train over appellant's road, the accident occurring on the night of July 23, 1900, at the crossing of appellant's road and Wayne street, in the town of Waterloo. This action was brought to recover damages for the death of the intestate, which the appellee charges was caused by the negligence of the appellant. There was a jury trial, resulting in a general verdict in favor of appellee. With their general verdict the jury returned answers to interrogatories submitted to them by the court. The appellant unsuccessfully moved for judgment in its favor on answers to interrogatories, and judgment was rendered in favor of the appellee on the general verdict.

One of the errors assigned and urged here for a reversal is the overruling of appellant's motion for judgment in its favor on the answers to interrogatories. It is insisted by appellant that the answers to the interrogatories show contributory negligence on the part of the deceased, and present the question of negligence as a question of law for the court. Appellee insists that the facts specially found are not sufficient to overcome the legal presumption, in favor of the deceased, that he used due care, and that, under the facts found, the question of contributory negligence was for the jury.

The general verdict will prevail over the answers to interrogatories when it, aided by all reasonable inferences and intendments, can be harmonized with such answers.

1. *Princeton Coal, etc., Co.* v. *Roll* (1904), 162 Ind. 115; *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381; *Pittsburgh, etc., R. Co.* v. *Newsom* (1905), 35 Ind. App. 299; *Lake Erie, etc., R. Co.* v. *Fike* (1905), 35 Ind. App. 554. But if the answers to the interrogatories find facts that are antagonistic to the general verdict, aided by all reasonable presumptions and intendments, then the facts specially

found by the answers to interrogatories must prevail. *Lake Shore, etc., R. Co.* v. *Graham* (1904), 162 Ind. 374; *Chicago, etc., R. Co.* v. *Hedges* (1889), 118 Ind. 5, and cases cited.

The law requires of every person that he shall exercise due care to avoid injury to others and to protect himself, and the vigilance required is always commensurate with the danger to be apprehended. The rule rests equally

2. on those who are liable to inflict injury and those who are liable to suffer. Appellee's intestate was required to exercise the same vigilance to protect himself from injury that the appellant's servants were to avoid injuring him, and a failure to exercise such vigilance upon the part of either one would constitute negligence.

The question of negligence is, under some circumstances, an unmixed question of fact; under some circumstances a mixed question of law and fact; and under some cir-

3. cumstances a question of law. When it is a question of fact, or of mixed law and fact, it is a question for the jury. When it is a question of law, it is for the court. It is a question for the court when the facts are specially found, or there is no conflict in the evidence, and from the facts so established by the finding or by the evidence but one inference can reasonably be drawn.

In this case the special facts disclosed by the complaint and the answers to the interrogatories show that the deceased was seventeen years of age, of good physique, good in-

4. tellect, good eyesight and hearing, and was familiar with the crossing where he was struck and killed; that he was struck at the intersection of the west sidewalk on Wayne street, in the town of Waterloo, and the appellant's road, at 9:40 o'clock p. m., July 23, 1900; that the night was dark but clear, and the stars were shining; that the deceased knew he was approaching the railroad crossing when he was fifty feet away from it; that, from a point fifty feet distant from where he was struck he walked at a rapid gait

of six miles an hour, without stopping, until he collided with the appellant's engine and was killed; that when he reached a point ten feet from the appellant's track where he was killed he knew he was approaching the railroad crossing, and when he was ten feet from the north rail of the appellant's track the engine that struck him was within one hundred fifty feet of the same point; that if he had looked carefully to the west, the direction from which the engine came, when he was ten feet from the point within the rails where he was struck, he could have seen the engine in time to avoid being struck.

Interrogatory fifty-five, and answer, are as follows: "As Emmett Brown approached the point on defendant's track on Wayne street where he was struck and killed by a collision with the defendant's train as alleged in the complaint, if he had diligently and carefully looked and listened for the approach of said train, could he have heard or seen such train in time to avoid the same before he went upon the track where he was struck? A. Yes." There was no contradiction of these facts contained in the answers to the numerous interrogatories that were filed, and these undisputed facts leave no room for a difference of opinion among reasonable men as to the deceased's negligence.

It is said by the Supreme Court of this State, in the case of *Chicago, etc., R. Co.* v. *Hedges, supra:* "Where a railroad crosses a public highway upon the same grade, the situation is itself a warning and an incentive to one about to cross to exercise vigilance, to the full extent of his opportunities, in the use of his senses of sight and hearing, in order to assure himself whether or not a train is approaching, so as to avoid collision; and where it appears that a collision might have been avoided by the use of readily-available precautions, there remains no ground for a recovery, unless an excuse be shown for such an extraordinary omission."

It was contended in that case, as it is here, that, inasmuch

as it did not directly appear that the deceased did not look before entering upon the railroad track, therefore it was the duty of the court to presume in support of the general verdict that a valid excuse was shown for his not looking. The court, responding to this argument, says: "The jury having found that the intestate could have seen the approaching train in time to avoid the injury if he had looked, and that there was nothing to prevent his seeing the train when it was 200 feet distant from the crossing, if he had given attention and looked in that direction when he was nine feet away from the main track, the fact that he stepped on the track immediately in front of the moving train raises the presumption that he either did not look, or that he deliberately took the risk of attempting to cross, notwithstanding the approach of the train. In either case a recovery is impossible. The law presumes that one having the ordinary sense of sight must have seen that which was within the range of his vision."

The case at bar and the case cited in all essential features are the same. In that case the answers to the interrogatories found that the deceased deliberately walked in front of a moving train of cars which would have been in plain view, had he looked. He could have seen the train when he was nine feet from the track, but he did not look, and continued on his way without stopping until he was struck by the train. The only difference between that case and the one at bar is that in this case the unfortunate youth was not walking deliberately, but at a very swift gait, which he kept up until he was struck by the engine. He could have seen the engine, and avoided the collision, had he glanced in the direction from which it was coming, but he did not do so. Evidently he did not think to do so. His mind was doubtless diverted to the moving train going in the opposite direction upon the other track. But this is not a sufficient excuse. He knew of the crossing. He was bound to know of its attendant

dangers, and was bound to keep his wits about him, and before undertaking to cross the track take cognizance of dangers that might come to him from either direction. This view is supported, not only by the case above quoted, but by the following cases: *Mann* v. *Belt R., etc., Co.* (1891), 128 Ind. 138; *Cadwallader* v. *Louisville, etc., R. Co.* (1891), 128 Ind. 518; *Thornton* v. *Cleveland, etc., R. Co.* (1892), 131 Ind. 492; *Morford* v. *Chicago, etc., R. Co.* (1902), 158 Ind. 494; *Quinn* v. *Chicago, etc., R. Co.* (1904), 162 Ind. 442; *Wabash R. Co.* v. *Keister* (1904), 163 Ind. 609; *Lake Erie, etc., R. Co.* v. *Graver* (1900), 23 Ind. App. 678; *Baltimore, etc., R. Co.* v. *Musgrave* (1900), 24 Ind. App. 295; *Cleveland, etc., R. Co.* v. *Heine* (1902), 28 Ind. App. 163; *Van Winkle* v. *New York, etc., R. Co.* (1905), 34 Ind. App. 476.

The evidence in the case not only justified the answers given by the jury to the interrogatories propounded, but admitted of no other.

Judgment reversed, with instructions to the court below to sustain appellant's motion for judgment in its favor on the answers to interrogatories.