CLEMENS v. LOWE ET AL.

[No. 14,983. Filed June 18, 1935. Rehearing denied October 18, 1935.]

*T. Morton McDonald,* and *Douglas H. McDonald,* for appellant.

*Craig & Mitchell,* for appellees.

CURTIS, P. J.—This was an action by the appellee against the appellant to recover damages for the injury of its automobile ambulance and for the loss of its use, growing out of a collision between said ambulance, operated by one of the appellee's agents, and an automobile driven by the appellant, said collision being alleged to have been caused by the negligent acts of the appellant without any contributory negligence on the part of the appellee or its agent. The complaint was in one paragraph to which the appellant filed a general denial, thus closing the issues. There was a trial before the court without the intervention of a jury. Upon the request of the appellant the trial court made a special finding of facts and stated its conclusions of law

thereon. These were favorable to the appellee and the court rendered judgment accordingly. This appeal is from that judgment.

The errors relied upon for reversal are that the court erred in each of its conclusions of law and also erred in overruling the motion for a new trial which was timely filed by the appellant. The causes or grounds of said motion which we need to consider are that the decision of the court is not sustained by sufficient evidence and is contrary to law. The other causes or grounds are waived by the failure to present them for review in the appellant's brief.

In the presentation of the case to us by the appellant in his brief there is no contention that the facts as found are not sustained by the evidence. The contention is made, however, that these facts which are found are not sufficient to sustain the decision of the court and that the facts found show that the appellee and its agent were guilty of contributory negligence as a matter of law. The real gist of the appellant's main contention is that since this is a property damage case the finding of facts must contain a finding that the appellee and its agent were free from contributory negligence. Conclusions of law numbered 2 and 3 are as follows: "2. That the plaintiffs were not guilty of negligence proximately contributory to the collision. 3. That the defendant was guilty of negligence which proximately caused the collision and the consequent damage to plaintiff's amublance." To be somewhat more specific it is the appellant's main contention that the above two conclusions of law are in reality mere findings of fact cast among the conclusions of law and for that reason must be disregarded, and that if they are so disregarded then the finding of facts being otherwise silent on the question of contributory negligence is not sufficient to sustain the decision. The appellant

in this connection also relies upon the familiar rule that the finding of facts must contain a finding as to all of the necessary matters to be found to sustain a decision for the plaintiff and that a failure to find upon a material matter in issue is equivalent to a finding against the one whose burden it is to establish such facts.

It is true as contended for by the appellant that in the instant case the appellee must allege and prove the lack of contributory negligence on its part, and ▮ on the part of its said agent. It is likewise true that when a special finding of facts is made, the facts upon which the plaintiff must rely must be found and the failure to find a material fact will be taken as a finding against him. The cases are numerous sustaining the above propositions. The rule is also well established that where findings of fact are cast among the conclusions of law they will be disregarded. The appellee does not dispute the rules of law just announced but says that they are not applicable to the instant case. We believe that the appellees are correct. We quote from *Cumberland Telephone, etc., Co. v. Kranz* (1911), 48 Ind. App. 67, 72, 95 N. E. 371, a case relied upon by the appellees, as follows:

"The court stated the following conclusions of law:

'(1) Defendant Cumberland Telephone and Telegraph Company, by suffering its branch telephone wire to be and remain above the trolly wire of the Louisville and Northern Railway and Lighting Company, without being insulated or guarded, was guilty of negligence. (2) The negligence of the Cumberland Telephone and Telegraph Company, in permitting its branch telephone wire to be and remain above the trolly wire of the Louisville and Northern Railway and Lighting Company without being insulated or guarded, and while said trolly wire was heavily charged with an electric current, was the proximate cause of the death of plaintiff's horses, and that by reason thereof plaintiff has

sustained damages in the sum of $400.00. (3) Plaintiff was not guilty of contributory negligence. (4) Plaintiff's driver, who was in charge of plaintiff's horses at the time they were killed, was not guilty of contributory negligence.'

"Appellant objects that the first conclusion of law is not supported by the finding of facts, and claims that the negligence of appellant should have been found as an inferential fact. To the second conclusion of law it makes a similar objection, urging that the findings should have stated as an inferential fact that the alleged negligent act was proximate cause of the injury.

"To find the ultimate facts of the case, and not conclusions of law or fact therefrom, is the province of a special finding. But every fact necessary to plaintiff's recovery must be embraced within the special finding. Negligence is sometimes a question of fact, sometimes of law, sometimes a mixed question of law and fact. But where the facts are undisputed, as where the jury have agreed upon and returned a verdict setting forth the principal contested facts, or where the court has found the facts specially, it then becomes the province of the court to settle the question of negligence as a matter of law. *Conner* v. *Citizens St. R. Co.* (1886), 105 Ind. 62, 55 Am. Rep. 177; *Louisville, etc., R. Co.* v. *Roberts* (1897), 18 Ind. App. 538; *Lake Shore, etc., R. Co.* v. *Brown* (1908), 41 Ind. App. 435; *Cleveland, etc., R. Co.* v. *Haas* (1905), 35 Ind. App. 626; *Pittsburgh, etc., R. Co.* v. *Seivers* (1904), 162 Ind. 234.

"Where the facts are undisputed, what constitutes a proximate or a remote cause of an injury is a question of law for the court. *Haskell & Barker Car Co.* v. *Przezdziankowski* (1908), 170 Ind. 1, 14 L. R. A. (N. S.) 972, 127 Am. St. 352; *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132.

"If the court states an erroneous conclusion of law, or fails properly to state the conclusions of law, it is not available as error by an exception to the conclusions of law, if a proper judgment has been rendered on the facts. If error had been committed in the conclusion of law, the rendering of a proper judgment on the facts makes this error harmless. *Krug* v. *Davis* (1885), 101 Ind. 75; *White* v. *Chicago, etc., R. Co.* (1890), 122 Ind. 317,

7 L. R. A. 257; *Nelson* v. *Cottingham* (1899), 152 Ind. 135; 2 Woolen, Trial Proc. §4350."

We have read carefully the finding of facts. The accident occurred at the intersection of Eighth ■ and Chestnut Streets in the City of Evansville, Indiana. We quote finding number 7 as follows:

"That the defendant. who was driving and operating the Pontiac coach automobile, as he approached the intersection of Eighth and Chestnut Streets from the west, along Chestnut Street, and immediately before he entered the said intersection drove his car in the center of Chestnut Street, with the left wheels thereof a little to the north thereof, and then turned somewhat to his right or south as he entered the intersection, that the speed of the Pontiac coach, immediately before the collision and at the time thereof, was about forty (40) miles per hour; that plaintiff's ambulance entered the intersection first; that the Pontiac automobile of the defendant had headlights burning immediately before and at the time of the collision, that the defendant, as he approached and entered the intersection, failed to look out for other traffic using the highway, or, looking, failed to see which was fairly within his view, particularly the ambulance of the plaintiffs; that the defendant did not keep his automobile under control; that the defendant failed to observe the ambulance of the plaintiffs as it entered onto and proceeded to cross the intersection, and failed to bring his automobile under control and to slow down its speed, or to stop the same, so as to permit the clearance of the ambulance; that the defendant failed to regard the warning sound of the siren of the ambulance and the approach thereof to the intersection as the defendant drove eastwardly toward the intersection, and failed to control his automobile and to slow down its speed or to bring it to a stop, to permit the clearance of the ambulance; that the plaintiff's driver Arthur L. Bartlett, saw the Pontiac after his ambulance had entered onto and proceeded to cross the intersection but that the speed of the Pontiac was such, and by reason thereof its proximity to the ambulance was such, that plaintiff's

driver was unable to do anything to avoid the collision."

When finding number seven (7) is considered along with the other findings we conclude that all of the material facts were found upon which to base the conclusions of law. The evidence fully sustains the finding of facts.

Upon an examination of the record we are also convinced that a correct result was reached in this case and this furnishes an additional reason for our conclusion to affirm the judgment. There is nothing in the conclusion we have reached that in any way conflicts with the decision we reached in the case of *Gaines* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297.

Judgment affirmed.