DICKASON ET AL. *v.* DICKASON

[No. 16,077. Filed January 16, 1939. Rehearing denied March 4, 1940.]

*Simmons & Simmons,* and *Sturgis, Stine & Sturgis,* for appellants.

*Eichhorn, Gordon & Edris,* for appellee.

CURTIS, C. J.—This was an action by appellee, as plaintiff against the appellants, and others, as defendants, to quiet his title to a tract of real estate in Wells County, Indiana. The complaint was in one paragraph. The appellee, upon motion of the appellant, Orlo E. Lesh, as administrator *de bonis non* of the estate of George S. Dickason, deceased, also filed an abstract of title. To the complaint the appellants filed their separate answer in general denial. All defendants, other than the appellants, were defaulted.

The cause was tried by the court without a jury. Upon proper request the court made a special find-

ing of facts and stated its conclusion of law thereon. The appellants separately excepted to the conclusion of law. The court rendered judgment in favor of the appellee on the special finding of facts and conclusion of law, quieting his title to the real estate described in the complaint. This appeal followed.

The error relied upon for reversal is as follows: "1. The court erred in the conclusion of law." The conclusion of law is:

"That the law is with the plaintiff. That plaintiff, George A. Dickason, is the owner in fee simple of the real estate described in finding No. 1 hereof. That the claim of the defendants, and each of them, to some interest in said real estate is without right and unfounded and that plaintiff is entitled to have his title thereto quieted."

Each of the appellants separately filed motions for a new trial for the following causes or grounds. "(1) The decision of the court is not sustained by sufficient evidence. (2) The finding of the court is not sustained by sufficient evidence. (3) The decision of the court is contrary to law." The court overruled said motions following which this appeal was prayed and perfected.

The only assignment of error in this court is that "The court erred in the conclusion of law". This is an independent assignment of error, entirely independent of the ruling on the motion for a new trial and does not bring to this court any alleged error as to the ruling on the motion for a new trial. By the failure of the appellants to present here the ruling on the motion for a new trial, the factual structure made by the trial court in the finding of fact is, so far as this court can consider it, final and conclusive upon us. It stands unchallenged in so far as it might have been challenged

by the motion for a new trial. The appellant, thus, has waived his right to have this court consider alleged error in the ruling on the motion for a new trial. Taking the factual structure then as it is shown by the finding of facts, the question remains, is this factual structure sufficient upon which to base the conclusion of law stated by the trial court which we have heretofore set out?

The appellee in his brief has succinctly summarized the finding of facts as follows:

"On the 20th day of April 1927 George S. Dickason, was the owner of the following described real estate in Wells County, in the State of Indiana, to wit:

"The east half of the northwest quarter of section 18, township 25 north, range 12 east, containing 72.04 acres of land.

"On said date George S. Dickason, together with George A. Dickason, went to the Farmers Deposit Bank, at Montpelier, Indiana, and there George S. Dickason requested to be advised as to how he could dispose of his property to take effect at the time of his death. He was informed by the then president of the bank, Guy Brackin, that he might make a deed for said real estate, and place the same under the control and custody of said bank to be delivered to the grantee named therein at the time of his death. In pursuance to said advice so given, George S. Dickason did on said date execute a deed conveying the real estate herein described to George A. Dickason and caused to be attached to said deed written instructions signed by him directing said bank to retain said deed until his death (George S. Dickason's) and upon his death deliver said deed to George A. Dickason. That said deed was duly executed by

George S. Dickason to the plaintiff, George A. Dickason.

"At the time said George S. Dickason delivered said deed to the bank it was his intention and purpose to part with control over said deed; during all the time said deed was in possession of said bank it had exclusive control and dominion over said deed.

"About one year after said deed had been placed with the Farmers Deposit Bank of Montpelier, Indiana, George S. Dickason, together with Francis M. Dickason and Cyrus Dickason, two of his brothers, and heirs at law, called at said bank and demanded said deed, together with said letter of instruction, which were then delivered to the said George S. Dickason.

"That said grantee named in said deed, George A. Dickason, at no time after said deed had been executed and deposited in said bank consented that the same might be taken and removed from said bank by the said George S. Dickason.

"That on the 23rd day of December, 1930 said George S. Dickason died intestate in Wells County, Indiana, leaving surviving him certain brothers and sisters, nephews and nieces, including the appellee.

"Orlo E. Lesh was duly appointed administrator *de bonis non* of the estate of George S. Dickason, deceased, and had filed his petition to sell said real estate to make assets to pay debts of said estate.

"On the 7th day of February, 1934 George A. Dickason, appellee in the above entitled cause, joined with certain uncles and other plaintiffs in a verified complaint against Cyrus Dickason and other appellants for the appointment of a receiver to take charge of said real estate.

"Said cause of action was submitted to the court and a receiver was appointed to manage and con-

trol said real estate until further orders of the court.

"On the 30th day of September, 1932 a petition was filed in the estate of George S. Dickason to determine the inheritance tax in said estate and that said George A. Dickason, appellee herein, was named in said schedule as one of the heirs of said decedent and entitled to share in said estate. That other heirs of said estate of George S. Dickason were named in said report as being entitled to share in the distribution of said estate and that appellee herein named was found and adjudged to be one of the heirs of said decedent and charged as the owner of a share in said estate along with other heirs named therein."

The appellants point out that the special finding of fact does not find or state that the appellee was the owner of the real estate in question at the time of the commencement of his action to quiet title, and that the appellee in his complaint to quiet title alleged that he was the owner of said real estate at that time. It is the contention of the appellants that this was an essential averment in the complaint and that it was necessary to prove such averment and for the court in the instant case to find as an ultimate fact that the appellee was such owner at said time in order to support a conclusion of law in favor of the appellee.

It is the further contention of the appellants that the facts found and stated in the special finding do not necessarily involve the existence of the ultimate fact that the appellee at the time of the commencement of his action was the owner of said real estate; that on the other hand the facts found are not inconsistent with the non-existence of the ultimate fact that the appellee was such owner of said real estate; that certain facts are found concerning the deposit in escrow of said deed on April 20, 1927, including

the fact that the appellee was present at the time and had full knowledge of all that was said and done in connection therewith; and that it was further found that on the 7th day of February, 1934, nearly 7 years after the placing of said deed in escrow and more than 3 years after the death of said George S. Dickason, the appellee, along with other relatives, filed a verified complaint for the appointment of a receiver to take charge of said real estate, wherein it was alleged that the said George S. Dickason died the owner in fee simple of said real estate and that the proper court entered a judgment in said cause appointing a receiver as prayed for by the appellee and that the judgment appointing said receiver was based upon the appellee's contention made at that time that George S. Dickason had died the owner of said real estate and that the appellee and his co-plaintiffs in said complaint and the defendants in that action were the owners of said real estate as the heirs of George S. Dickason, deceased, and that the receiver ought to be appointed by reason of their disagreement as to the management of said land and that said receiver was duly appointed and is now duly qualified and acting under and pursuant to said appointment.

It is the appellants' further contention that the judgment entered in said receivership matter was a judgment procured by the appellee and that he is bound thereby. On this point the appellants cite the case of *Boots et al* v. *Canine* (1884), 94 Ind. 408, wherein it was said (p. 416) : ''Admissions in pleadings are sometimes conclusive, but they are not so in a case like the present. One class of cases where the admissions are conclusive is that in which judgment has been pronounced upon the issues joined''. The appellants further rely upon the rule that all facts

not embraced in the special finding will be regarded as not proved by the party having the burden of the issue and that the failure to find a fact essential to a recovery is equivalent to a finding against the party having the burden of proving the same and that nothing can be added to the special finding of facts by presumption, inference or intendment. They cite on this point the recent case of *Clemens* v. *Lowe* (1935), 100 Ind. App. 645, 196 N.E. 363, also *Craig* v. *Bennett* (1897), 146 Ind. 574, 45 N.E. 792; *Braden, Admr.* v. *Lemmon et al.* (1891), 127 Ind. 9, 26 N.E. 476; *Bradway* v. *Groenendyke et al.* (1899), 153 Ind. 508, 55 N.E. 434 and *State ex rel. Siebrase et al.* v. *Meiser etc.* (1929), 201 Ind. 337, 168 N.E. 185.

The appellee in effect admits that there is no finding of the ultimate fact of the ownership by the appellee of said real estate at the time he commenced his action herein, but he contends that where the primary facts found lead to but one conclusion or are of such a character and nature that they necessitate the existence of an ultimate fact, such ultimate fact will be treated as found and that the special finding of facts is to be read as a whole and that in this cause of action all primary facts are found which lead to but one conclusion to wit: to the ultimate fact that the appellee was the owner of said real estate at the time of the commencement of his cause of action. The appellants concede that said rule stated by the appellee is substantially correct but in effect meet that contention as follows: that the rule is, that when the primary or evidentiary facts found lead to but one conclusion or when the facts found are so definite, unequivocal and consistent that they necessitate the existence of the ultimate fact, such ultimate fact will be treated as found, but when the primary or evidentiary facts found are not inconsistent with the

non-existence of an ultimate fact, then the ultimate fact cannot be inferred in favor of the party having the burden of proof of the ultimate fact and that when the primary or evidentiary facts found are unequivocal, doubtful or inconsistent, it is the duty of the trial court to resolve the doubt by a direct finding of the ultimate fact and that burden cannot be imposed upon an appellate tribunal. Attention on this point is called to the case of *Universal Ins. Co. of Indiana* v. *Glover* (1935), 100 Ind. App. 327, 195 N.E. 583. It will thus be seen that there is little or no difference in the statement of the law in the respective contentions of the parties, and that the difference arises in the application of the law to the finding of facts in the instant case.

We believe that the contention of the appellants is correct to the effect that the record in the instant case is such that the court is not warranted in holding that the ultimate fact of ownership of the real estate by the appellee at the time of the commencement of the action is necessarily established from the facts found. This is especially true in view of the fact that the finding shows that said deed of Charles S. Dickason was taken out of escrow by him in his lifetime approximately one year after it was placed in escrow and that more than 6 years thereafter the appellee, with others as previously pointed out, filed a verified complaint in the Wells Circuit Court wherein it was alleged that George S. Dickason died the owner of said real estate. When this fact is taken in connection with the other facts found in the case which we have heretofore pointed out, we do not believe that the ultimate fact of ownership of the appellee at the time of the commencement of his action herein could be treated as an ultimate fact found. In other words, we do not

believe that the facts found and stated in the special finding necessarily carry with them the finding of. the ultimate fact that the appellee at the time of the commencement of his action was the owner of the said real estate. The fact that the conclusion of law contains the statement "that plaintiff George A. Dickason is the owner in fee simple of the real es-. tate described in finding No. 1 hereof" does not aid the special finding of facts. If the language just quoted is to be treated as a finding of fact, then it cannot be considered for the reason that a finding of fact cast among the conclusions of law will be disregarded. If it be treated as a conclusion of law, then as heretofore pointed out, there is no ultimate fact found upon which to base it. See *Clemens* v. *Lowe* supra.

The authorities above referred to which are cited on the points of law with respect to a special finding of facts and conclusions of law are all in line with the holding of our courts and meet with our approval. As applied to the instant case the rule may be stated to be that if the finding of facts is of such a character as to involve necessarily the existence of the essential ultimate fact (not expressly found) then the failure to find the omitted ultimate fact may be immaterial. But when the existence of the omitted ultimate fact (not found) may reasonably be doubted from the facts found or is equivocal and not entirely certain, then the trial court must resolve such doubt or equivocation or uncertainness by a direct finding of the essential ultimate fact. When this rule of law is considered with the rule that on appeal all facts not embraced in the special finding of facts will be regarded as not proved by the party having the burden of that issue and will be equivalent to finding against the party

having such burden, then it becomes apparent that in the instant case the appellee must fail, unless the making of said deed and the depositing of it in escrow passed the absolute title at that time to the appellee. The conclusion that the appellee must fail is reached irrespective of whether or not the appellee be considered to be conclusively bound by the judgment in the receivership proceeding heretofore mentioned or that said proceedings as found by the court be considered simply as a salient fact found.

We have not overlooked the finding of the court to the effect that at the time George S. Dickason delivered said deed to the bank to hold in escrow. it was his intention and purpose to part with his control of said deed and that during all of the time said deed was in the possession of said bank, it had exclusive control of and dominion over said deed, nor have we overlooked the decisions to the effect that upon some state of facts a delivery of a deed to an escrow agent has been held to be an absolute delivery of the deed. In this connection it is to be remembered that approximately one year after the said deed was executed and placed in escrow in said bank the grantor therein, George S. Dickason, changed his mind and demanded from said bank and received from it the said deed. From our examination of the authorities, however, we do not believe that where as in the instant case the acts of executing and delivering the deed in escrow were the pure gratuitous acts of the grantor and without consideration, and where the grantor changes his mind as he evidently did in the instant case, and takes the deed out of escrow either with or without the consent of the grantee, that such acts of executing and placing said deed in escrow would be held as a matter of law to be an absolute delivery of said deed

passing title to the real estate as of the date of the execution and placing of said deed in escrow.

It is our further opinion that the acts of the grantor George S. Dickason in executing said deed and in placing it in escrow with the said bank with instructions to deliver it to the appellee upon the grantor's death are shown by the finding of facts to have been purely gratuitous acts of the grantor and to be testamentary in character, subject to be changed in his lifetime.

We conclude that the conclusion of law of the trial court is erroneous. Judgment reversed with instructions to set aside the judgment rendered and to restate the conclusions of law in favor of the appellants and to render judgment accordingly.

## On Petition for Rehearing

CURTIS, J.—Upon rehearing we have concluded to and do hereby modify the mandate in the original opinion to read as follows: "We conclude that the conclusion of law of the trial court is erroneous and that the ends of justice will be best met by a new trial. Under the well recognized power of this court to order a new trial whether or not such a motion is presented to this court the judgment of the trial court is reversed with instructions to set aside its former judgment and to grant a new trial."

With the mandate thus modified the petition for a rehearing is denied.