EDWARD H. BRAINARD *vs.* BOSTON AND NEW YORK CENTRAL
RAILROAD COMPANY.

A deed of land bounded " easterly by said thirty foot street by a line which is parallel with
and one hundred and ninety feet distant from B Street," B Street being one hundred
and sixty feet eastwardly from the thirty foot street, conveys no part of that street.

The conveyance, by deed of warranty in the usual form, of land bounded on a passage
way which has never been used as a public or private way, conveys no right of way
therein, unless the grantor had and used a right of way in it.

*It seems,* that at the trial of a petition for the assessment of damages occasioned to land
by the construction of a railroad, the mortgagee of the land may appear and file a writ-
ten waiver of all claim to damages.

*It seems,* that at the trial of a petition for the assessment of damages occasioned to land by
the construction of a railroad across land adjoining, the railroad corporation are not en-
titled to show that the mortgagee of the land, who has waived all claim to damages, has
conveyed to them by deed of warranty the land over which the road passes; and to have
the damages assessed applied in payment of the mortgage, and judgment entered for the
residue only.

*It seems,* that at the trial of a petition for the assessment of damages occasioned to land by
the construction of a railroad, the petitioner may ask a neighbor who has made sales of
land in the vicinity, and knows the value of land there, whether the building of the rail-
road would diminish the value of the land; how much less the land was worth in con-
sequence thereof; and how much the building of the railroad has damaged the land.

APPEAL from a decision of the board of aldermen of the city
of Boston, awarding damages occasioned by the construction
of the respondents' railroad. The petition alleged that the peti-
tioner was seised in fee and possessed of a lot of land and a
right of way in a street, and that the respondents had taken a
part of his land and the whole of the street for their railroad.

When the case came on for trial in the superior court of Suf-
folk at November term 1857, before *Huntington,* J., the respon-
dents moved that Henry Gardner, mortgagee of the land de-
scribed, should be summoned to appear and become a party to
the proceedings. Gardner thereupon appeared, and asked leave
to file a written waiver of all claim to damages by reason of
the location of the respondents' railroad. The respondents
objected; but the court overruled the motion and allowed the
waiver to be filed.

The petitioner gave in evidence a warranty deed, with the
usual covenants, from Gardner to him, dated October 25th 1849,

of " a certain piece or parcel of land, situate in that part of Boston called South Boston, and butted and bounded as follows, to wit: beginning at a point in the easterly side of Turnpike Street at the southwesterly corner of lands formerly bonded to Rowell, and from said point running southerly twenty feet and five inches by said Turnpike Street to Sixth Street; thence running southeasterly ninety one feet and ten inches by said Sixth Street to a thirty foot street which runs parallel with and one hundred and sixty feet distant northwesterly from B Street; thence running northeasterly sixty eight feet ten inches by said thirty foot street, by a line which is parallel with and one hundred and ninety feet distant from said B Street; thence running northwesterly forty six feet by a line parallel with said Sixth Street to the southeasterly corner of said land formerly bonded to Rowell; thence running westerly by the land bonded to said Rowell eighty feet to the point of beginning on said Turnpike Street; containing fifty five hundred and fifty nine and two thirds square feet of land."

It was admitted that the respondents took no land of the petitioner described in this deed, unless by taking the street. It was proved that the petitioner's only rights in and to the street were derived from the deed; that the street had been opened for passing; that the petitioner had never used it; and that it had not been used by any one as a street or way; but a small portion of it near an adjoining street, and not adjoining the petitioner's premises, had been laid out, though not used.

Upon this evidence the respondents asked the court to rule that the petitioner had no right of way in the street, and no claim for damages against them for locating their road over it. But the court refused so to rule.

The respondents then asked the court to rule, that if the jury found there was no street or way in fact, but only one laid out on paper, and not used as a way, there was no obstruction of a private way by the respondents, and no claim for damage by the petitioner. But the court refused so to rule; and ruled that the petitioner had a right of way in the thirty foot street; and that

the building of the railroad was an obstruction of a private way, for which the respondents were liable in damages.

In proving the àmount of damages, the petitioner called Joseph Frye, who testified that he had lived in South Boston six or seven years, that he was a carriage maker, that he had bought two or three lots of land in South Boston, and that he knew the value of land there; and asked him "whether the building of the railroad would diminish the value of land; how much less the petitioner's land was worth in consequence of building the railroad; how much the building of the railroad had damaged the property." The respondents objected to these questions; but the court permitted them to be put and answered.

The respondents then offered to show that Gardner, the mortgagee, before the location of the railroad, gave them a warranty deed of the land alleged to be a private street, free from all incumbrances, and asked the court to rule that whatever damages the jury might find for obstructing the street should, to the extent of the mortgage, be applied in payment of the mortgage, and judgment rendered for the petitioner for only the balance. But the court refused so to rule, or to admit the evidence.

The jury returned a verdict for the petitioner, and the respondents alleged exceptions.

*S. W. Bates*, for the respondents.

*C. P. Hinds*, for the petitioner.

MERRICK, J. This is a proceeding founded upon the petition of Edward H. Brainard, addressed to the board of aldermen of the city of Boston, praying for an assessment of his damages sustained by the location and construction of the railroad of the respondents. In his petition he averred that he was seised and possessed in fee of a certain tract of land and a right of way in a street thirty feet wide adjoining thereto; and that the respondents had taken a part of said land and the whole of said street for their railroad. It appeared however, upon the trial, that none of the petitioner's land had in fact been taken; but that the location of the railroad extended over the whole of that part of the alleged street upon which the land was bounded; and

that it was upon this account only that he claimed to be entitled to recover damages of the respondents.

To prove his interest and right of way in the alleged street the petitioner produced upon the trial a deed from Henry Gardner, conveying to him a tract of land bounded westerly on Turnpike Street, southerly on Sixth Street, and easterly " by said thirty foot street by a line which is parallel with and one hundred and ninety feet distant from B Street." B Street is one hundred and sixty feet from said street, which is thirty feet wide. Consequently a line which is one hundred and ninety feet from B Street and parallel to it must be on the westerly side of the alleged thirty foot street. It is apparent therefore that by the description in the deed of Gardner no part of said street was conveyed to the petitioner, but that the whole of it is by the terms of the deed carefully excluded from the conveyance. The petitioner produced no other evidence to show his title to or interest in said street, or that he had any right of way therein. It also appeared that said street was not a public way; that it had never been in fact opened as a private way for the passage of travellers or others therein; and that it had never been occupied or used for any purpose by the petitioner. Upon this evidence and the facts disclosed by it the court below ruled, against the objection of the respondents, that the petitioner had a right of way in said street by virtue of the deed of Gardner to him.

But in all this evidence there was nothing to show that Gardner, the petitioner's grantor, ever had or claimed to have any right or interest in said street, or any right of way therein from the land conveyed by him. If he never had any such right, it is plain that he could not create it by his own grant. If he had owned the fee in said street, or, as the owner of the adjoining land, had a right of way there, then his deed to the petitioner would by necessary implication have granted and conveyed that right of way to him, although it was not named or mentioned as part of the estate. *O' Linda* v. *Lothrop*, 21 Pick. 292. *Tufts* v. *Charlestown*, 2 Gray, 271. But nothing of that kind was shown or appeared upon the trial. It would rather seem that

he did not have or claim to have any such right or interest, for by a precise and carefully prepared description he excluded the street and the land over which it extended from his conveyance. Under such a description in the deed, by force of which he sets up and asserts his claim, it is impossible to affirm that the petitioner acquired any title to or right of way in the street, unless it should be also shown that his grantor was owner of the land in fee, or had the asserted right or interest in it.

The request of the respondents, that the court should rule upon the deed and upon all the evidence in relation to the street, that the petitioner had no right of way in it, should have been acceded to. The different and opposite direction which was in fact given, was therefore erroneous, and the exception taken by the respondents must be sustained.

It is unnecessary, for the mere purpose of disposing of the case at this time, to express any opinion upon the other questions raised by them in the progress of the trial. We may however add that in examining the bill of exceptions we have not observed that the ruling of the court was in any other respect obnoxious to any well founded objection.

*Exceptions sustained.*