## Cincinnati, Lawrenceburg & Aurora Electric Street Railroad Company *v.* Klump.

[No. 5,692.   Filed May 8, 1906.]

1. PLEADING.—*Complaint.—Damages to Property.—Negativing Contributory Negligence.—Statutes.*—In an action for damages to personal property it is necessary to negative contributory negligence, as the act of 1899 (Acts 1899, p. 58, §359a Burns 1901) did not change such rule.   p. 662.

2. SAME.—*Complaint.—Damages to Property.—Negativing Contributory Negligence.—Common Law.*—At the common law it was not necessary to negative contributory negligence in actions for damage to personal property.   p. 662.

3. ACTION.—*Cause Arising in Another State.—Procedure.—Negligence.*—In an action brought in Indiana on account of negligent injuries received in Ohio, the Indiana procedure governs. p. 662.

4. PLEADING.—*Complaint.—Damages to Personal Property.—Negativing Contributory Negligence.*—A complaint alleging that defendant street railway company negligently run its car against the rear of plaintiff's wagon, thereby injuring such wagon, its contents and three mules hitched thereto, while such wagon was being driven by a competent and experienced driver who was exercising due care and prudence, sufficiently negatives contributory negligence.   p. 663.

5. TRIAL.—*Interrogatories to Jury.—Answers.—Contradictions. —Effect.—General Verdict.*—Contradictory answers to interrogatories to the jury nullify each other, and the general verdict stands unless the answers are in irreconcilable conflict therewith. p. 663.

6. APPEAL AND ERROR.—*Appellate Court Rules.—Briefs.*—Questions not discussed on appeal are waived. p. 664.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Action by Margratha M. Klump against the Cincinnati, Lawrenceburg & Aurora Electric Street Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Martin J. Givan, Frank B. Shutts* and *Stanley Shaffer,* for appellant.

*Clore, Dickerson & Clayton* and *Thornton R. Snyder,* for appellee.

COMSTOCK, J.—Action by appellee to recover damages for injuries to personal property. The cause was put at issue, tried before a jury, a general verdict returned for appellee in the sum of $620, together with answers to certain interrogatories. Over appellant's motion for a judgment in its favor on answers of the jury to interrogatories and for a new trial, the court rendered judgment for appellee upon the general verdict for the amount thereof.

The errors assigned are that the court erred in overruling the demurrer to the complaint, in overruling appellant's motion for judgment upon the answers to interrogatories notwithstanding the general verdict, in overruling appellant's motion for a new trial.

The complaint is in one paragraph. It alleges that the plaintiff was a citizen of Dearborn county, Indiana; that appellant is a corporation organized under the laws of the state of Ohio, doing business in Indiana; that appellant operated a line of electric railroad extending from Andersons Ferry to the city of Lawrenceburg, Indiana, and on

September 13, 1904, at 11 o'clock a. m., negligently and carelessly, in the village of Addison, Hamilton county, Ohio, caused one of its heavy electric cars to be driven with great force and violence against the rear of the wagon of appellee, drawn by three mules and loaded with goods, wares and merchandise, and thereby knocked said wagon from said highway, overturned the same, and completely destroyed the wagon, crippled one of the mules attached to said wagon, of the value of $150, so that it was necessary immediately to kill said mule, injured another one of the mules attached to said wagon, of the value of $150, so as to render it worthless and crippled, injured the third mule attached to said wagon, and destroyed numerous articles of personal property then in said wagon, aggregating in all the sum of $694.25. It is alleged that for injury to persons or property by negligence or wrongful act in the state of Ohio the right of action and the remedy are governed by the common law.

The objection made to the complaint is that it does not aver that the plaintiff was without fault. Since the case of *President, etc.*, v. *Dusouchett* (1851), 2 Ind. 586, 54 Am. Dec. 467, and which has been followed in numerous cases since, it has been the rule that a complaint for injury to personal property should show that the plaintiff was without fault. The act of 1899 (Acts 1899, p. 58, §359a Burns 1901), does not change the rule relative to damage suffered to one's property by reason of the negligence of another; it applies only to cases relating to personal injury or death. *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 232. Under the common law it is not necessary to negative contributory negligence. Although the cause of action arose in Ohio, and it will be presumed that the common law prevails in that state, yet the appellee seeking redress in this jurisdiction, the course of procedure will be controlled by the law of Indiana. Story, Conflict of Laws (8th ed.), pp. 772-779; Holland,

Jurisprudence (9th ed.), 390; *Smith* v. *Muncie Nat. Bank* (1867), 29 Ind. 158; *Burns* v. *Grand Rapids, etc., R. Co.* (1888), 113 Ind. 169, 174; *Baltimore, etc., R. Co.* v. *Ryan* (1903), 31 Ind. App. 597.

It is necessary, therefore, to consider whether the complaint before us negatives the contributory negligence of the plaintiff, for it is not insisted that it does not sufficiently charge the negligence of the appellant.

4. It does not, in express terms, aver that the injury was without fault of the plaintiff, but such particular allegation is not necessary. Any words or allegations of fact that show that the plaintiff was not guilty of negligence contributing to the injury are sufficient. *Ft. Wayne, etc., R. Co.* v. *Gruff* (1892), 132 Ind. 13; *Duffy* v. *Howard* (1881), 77 Ind. 182; *Sale* v. *Aurora, etc., Turnpike Co.* (1897), 147 Ind. 324. The complaint avers "when plaintiff's covered spring wagon, laden with a heavy weight and a large amount of various kinds of produce and being drawn by a team of three mules then and there being driven for the plaintiff by a competent and experienced driver, with due care and prudence, eastwardly and along and over the track of said railway in a public highway in the village of Addison," etc. These words sufficiently show that the plaintiff had as her servant a careful and experienced driver, and that he was driving with due care and prudence, and sufficiently show that the plaintiff was not guilty of negligence contributing to the accident.

We do not deem it necessary to set out even a summary of the facts specially found. Some are inconsistent with others, but under the rule those in conflict nullify one another. A general verdict finds all the material allegations of the complaint to be true.

5. Special findings control only when there is an irreconcilable conflict between them and the general verdict. Such conflict does not appear. *Rhodius* v. *Johnson* (1900), 24 Ind. App. 401.

The motion for a new trial is not discussed.    The third
specification of error is therefore waived, but we
6.    have read the evidence and find that the verdict is
not without support.

Judgment affirmed.