## POTTER v. FT. WAYNE & WABASH VALLEY TRACTION COMPANY.

[No. 6,401.   Filed March 18, 1909.]

1. PLEADING.—*Complaint.—Negativing Contributory Negligence.— Personal Property.—Damages.*—In an action for damages to personal property, the plaintiff must allege directly, or by necessary implication, freedom from contributory negligence. p. 428.

2. PLEADING.—*Complaint.—Negativing Contributory Negligence.— Failure to Look for Street Car.*—A complaint against a street railroad company for damaging plaintiff's carriage, and showing that plaintiff's servant drove up the street and onto the track, but failing to allege that he looked for a car, is bad, since it fails completely to negative contributory negligence. p. 428.

3. PLEADING.—*Complaint.—Street Railroads.—"Last Clear Chance."*—A complaint alleging that plaintiff's servant drove up a certain street and onto defendant street railroad company's track, and that defendant ran its car against plaintiff's carriage, to plaintiff's damage, fails to state a case under the rule of "last clear chance." p. 429.

4. NEGLIGENCE.—*Contributory.*—*Imputing.*—*Master and Servant.*— Contributory negligence of a servant in driving upon a street railroad track will be imputed to the master, where the action is for damages to the master's carriage. p. 429.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by William S. Potter against the Ft. Wayne & Wabash Valley Traction Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Wilson & Quinn,* for appellant.

*Kumler & Gaylord,* for appellee.

WATSON, C. J.—The amended complaint in this case is in one paragraph, and is for damages to appellant's carriage on April 13, 1904, alleged to have been caused by the negligence of one of appellee's servants in the management of one of its street-cars in the city of LaFayette. A demurrer was filed to the amended complaint and sustained by the trial court, and the ruling thereon is the only error assigned in this court.

This case being an action for negligently injuring personal property, §362 Burns 1908, Acts 1899, p. 58, does not apply, and it was necessary for the complaint affirmatively to aver that the appellant, and his servant who was driving the carriage, were without fault, or facts that conclusively show they were not guilty of negligence contributing to the injury. *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 232; *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361; *Cincinnati, etc., St. R. Co.* v. *Klump* (1906), 37 Ind. App. 660.

The amended complaint does not aver by express terms that the injury to appellant's carriage was not caused through any fault of his servant who was driving and had control of the same. This allegation is necessary, unless other allegations of fact clearly show the absence of contributory negligence of appellant's servant. The complaint shows that at no time after appellant's

carriage entered South Ninth street—neither while the same was going north along said street a distance of one hundred feet, nor when opposite Hitt street in approaching appellee's track—did the driver look for an approaching street-car, nor is there any allegation in the complaint showing that the driver used due care when he drove upon the track of the appellee company.

The appellant under the sixth point says: "Even if appellant's conduct may be characterized as negligent in some degree, yet the complaint shows that he was not at fault at and immediately before the time of the accident, and his so-called negligence, in being in a place of danger under the circumstances shown in the complaint, was not the proximate, but only the remote, cause of the injury complained of." He seeks to bring this case within the rule of the "last clear chance." We cannot agree with appellant that the averments of his complaint brought the case within this rule.

If the driver, who was the servant and agent of appellant, and in control of the carriage, was guilty of negligence contributing to the injury, such negligence was the negligence of appellant, and will be imputed to him. Beach, Contrib. Neg. (2d ed.), §103; *Chicago, etc., R. Co.* v. *Spilder* (1893), 134 Ind. 380; *Abbitt* v. *Lake Erie, etc., R. Co.* (1898), 150 Ind. 498, 513. No error was committed by the trial court.

Judgment affirmed.