## THE FORT WAYNE, VAN WERT AND LIMA TRACTION COMPANY ET AL. *v.* THE MONROEVILLE HOME TELEPHONE COMPANY.

[No. 22,074   Filed December 18, 1912.   Rehearing denied March 7, 1913.]

1. PLEADING.—*Complaint.—Sufficiency.*—A complaint, in an action for injury to property caused by the falling of a high tension wire of the defendant railroad company, is not open to the objection that it affirmatively shows that defendant was not operating or maintaining the railroad at the time of the injury, where it is alleged that the assignment of the lease under which defendant was operating the road was acquired on August 31, 1907, and that the injury and damage occurred January 17, 1908.   p. 336.

2. NEGLIGENCE.—*Burden of Proof.—Contributory Negligence.—Instructions.*—In an action for injury to property an instruction that the defendant has the burden of proving contributory negligence is erroneous, since §362 Burns 1908, Acts 1899 p. 58, placing the burden of proving contributory negligence on defendant, applies only to cases relating to personal injury or death, and does not change the rule that, in actions for damage to property caused by the negligence of another, the plaintiff must allege and prove freedom from contributory negligence.   p. 336.

From Superior Court of Allen County; *Owen N. Heaton,* Judge.

Fort Wayne, etc., Trac. Co. *v.* Monroeville, etc., Tel. Co.—179 Ind. 334.

Action by The Monroeville Home Telephone Company against The Fort Wayne, Van Wert and Lima Traction Company and others.   From a judgment for plaintiff, the defendants appeal.   (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Reversed.*

*Cable & Parmenter* and *Walter Olds,* for appellants.
*Walpole G. Colerick,* for appellee.

SPENCER, J.—Appellee sued to recover damages for injuries to its telephone system, caused by the falling of appellants' "feed" wire upon its telephone wires.   The court overruled appellants' separate demurrers to the complaint. Trial by a jury and a verdict in favor of appellee. Appellants' motion for a new trial was overruled and judgment rendered on the verdict.   Appellants assign forty-three separate errors which can be generalized as follows:   (1) The court erred in overruling appellants' separate demurrers; and (2) overruling appellants' motion for a new trial.

This was an action against The Fort Wayne, Van Wert and Lima Traction Company, The Lima and Toledo Traction Company, and the Ohio Electric Railway Company, by The Monroeville Home Telephone Company, to recover damages for injuries to property, alleged to have been occasioned by the negligent construction, maintenance and operation of an electric railroad along and across one of the streets of Monroeville, Indiana, along which same street appellee maintained and operated a line of telephone wires.   The feed and high tension wires of appellants were stretched across, above, higher and over the wires of appellee; that on January 17, 1908, during a sleet storm, the feed wire of appellants, which was improperly insulated and charged with and carried a very high voltage of electricity, by reason of negligent construction and negligent and improper maintenance, fell across and over the wires of appellee with the resulting damage as alleged.

336     SUPREME COURT OF INDIANA,

Fort Wayne, etc., Trac. Co. *v.* Monroeville, etc., Tel. Co.—179 Ind. 334.

The complaint makes the three appellants joint tort feasors and sufficiently states a cause of action against them.

Appellants insist the separate demurrer of the Ohio Electric Railway Company should have been sustained because it affirmatively appears in the complaint that long after the injury and damage to the appellee, the lease of The Lima and Toledo Traction Company was assigned to the appellant, the Ohio Electric Railway Company, and that at the time of the injury and damage the Ohio Electric Railway Company was not operating or maintaining said electric railroad. This insistence is not well founded for the reason that the complaint alleges the assignment to the appellant, the Ohio Electric Railway Company, was on August 31, 1907, and that the injury and damage occurred on January 17, 1908. The court did not err in overruling the separate demurrers.

Instruction No. 1, given by the court of its own motion, purports to state the character and nature of the action, the issues involved, the duty of the plaintiff to prove all the material allegations of its complaint by a preponderance of the evidence and closes with this sentence: "The burden of proving contributory negligence is upon the defendant". This was error and the record nowhere discloses that this instruction was withdrawn. The act of 1899 (Acts of 1899 p. 58, §362 Burns 1908) does not change the rule relative to damages suffered to one's property by reason of the negligence of another; it applies only to cases relating to personal injury or death. *Cincinnati, etc., R. Co.* v. *Klump* (1906), 37 Ind. App. 660, 662, 77 N. E. 869. Being an action in tort for damages to injured property, the plaintiff had the burden of alleging and proving its freedom from contributory negligence. Such an instruction left the erroneous impression upon the jury that the burden of proving contributory negligence was on the defendant. *Cleveland, etc., R. Co.* v. *Moore* (1909), 45 Ind. App. 58, 60, 90 N. E. 93; *Indiana, etc., Torpedo Co.* v. *Lippin-*

*cott Glass Co.* (1905), 165 Ind. 361, 75 N. E. 649; *Cincinnati, etc., R. Co.* v. *Klump, supra; Cleveland, etc., R. Co.* v. *Wisehart* (1903), 161 Ind. 208, 67 N. E. 993; *Cincinnati, etc., R. Co.* v. *Hiltzhauer* (1885), 99 Ind. 486.

The judgment is reversed with instructions to grant a new trial.

NOTE.—Reported in 100 N. E. 69. See, also, under (1) 29 Cyc. 566; 33 Cyc. 360; (2) 29 Cyc. 603, 644; 38 Cyc. 1748. For a discussion of the burden of proof as to contributory negligence, see 10 Ann. Cas. 4.