Peabody v. Lynch et al., 184 Ill. App. 78.

---

## Francis Peabody, Defendant in Error, v. Daniel Lynch and John Dionne, Plaintiffs in Error.

### Gen. No. 18,316.

1. DAMAGES, § 49*—*measure of, for injury to automobile.* In an action for damage done to an automobile, the reasonable cost of repair is the proper measure of damages, and such cost of repair would be what an automobile repair man would, in accordance with the market and usual rates, charge for the work and materials necessary.

2. DAMAGES, § 172*—*when evidence of actual cost of repairs admissible.* In an action for damage to an automobile, evidence of what was actually paid for repairs is only admissible as showing what the reasonable cost of repairs would be.

3. EVIDENCE, § 373*—*when opinion of repair man as to cost of repairs admissible.* Automobile repair man who supervised the repairs may testify as to what would be the reasonable cost of repairs of automobile.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed December 22, 1913.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MAYER, MEYER, AUSTRIAN & PLATT, for plaintiffs in error.

ROBERT J. FOLONIE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The defendant in error, the plaintiff below, secured a judgment against the plaintiffs in error, the defendants below, for $225.75 for damage done to his automobile through the negligence of said defendants. This writ of error is brought to reverse this judgment. The only point argued is that thus summed up in the brief of the plaintiffs in error:

"We respectfully submit that the testimony of Mr. Politz should have been excluded; that it was admittedly incompetent except as expert testimony; that no expert evidence was admissible on the question of the cost of repairs, there being better evidence available; that he was not properly qualified and could not properly have testified as an expert even if expert evidence had been admissible. Excluding his testimony, we submit that there is no evidence of damage and can be no recovery, at least none beyond nominal damages."

We do not think these objections are well taken.

For the purposes of our review it is established that the injury to plaintiff's automobile was caused by plaintiff's negligence. The reasonable cost of repair of that injury was the proper measure of damages. That reasonable cost of repair was what an automobile repair man would, in accordance with the market and usual rates, charge for the work and material necessary. This was what Politz testified to. We think he was eminently qualified from his proved experience to be a judge of it. In addition he supervised the repairs. What was actually paid would only be admissible in such a case as this as showing what the reasonable cost would be. *Travis v. Pierson*, 43 Ill. App. 579.

The judgment is affirmed.

*Affirmed.*