JOHN R. COFFIN vs. SIEGFRIED LASKAU.

ANTÓNIO UMBROGIA vs. SIEGFRIED LASKAU.

Third Judicial District, Bridgeport, April Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Conclusions of fact reached by the trial court and embodied in its finding, will not be disturbed by this court upon a motion to correct, if it appears from the record that there was evidence tending to support them.

The law attaches no fixed and precise meaning to the word "bridge" which is applicable to all situations, but leaves its significance, when material, to be determined, mainly as a question of fact, by the special circumstances of each case.

In the present case the complaint described the place where a collision of automobiles occurred as a "highway" known as the "Post Road," and the defendant admitted the truth of this allegation in his answer. It appeared that this place was an earthen embankment about three hundred feet in length, at the foot of a steep hill, with stone walls composing the sides of the causeway, and that it was crossed by a brook which flowed through a stone culvert. The trial court refused to find that this structure was a "bridge." Held that such refusal could not be said, as matter of law, to be erroneous.

Unless a plaintiff's violation of law appears to have been a proximate cause of his injury, it will not bar his right to recover damages.

Whether a witness possesses the qualifications of an expert is a question addressed largely to the discretion of the trial court, and its decision will not be set aside unless it is clearly shown to have been based on incompetent or insufficient evidence.

In the present case the plaintiff had dealt for two or three years in automobiles of the same make as that which he himself owned, and

was familiar with their original and second-hand prices, and he had
made extended inquiries as to the value of his car after its injury.
*Held* that the trial court committed no error in allowing him to give
his opinion of the amount of his injury or loss due to the collision.
Evidence of the value of an automobile before and after its injury may
be considered in connection with the fair cost of its repair in deter-
mining the amount of the owner's loss or damage; for in cases of this
character damages cannot always be computed mathematically.

Argued April 14th—decided June 10th, 1915.

ACTIONS to recover damages for injuries sustained by
the respective plaintiffs, through the alleged negligence
of the chauffeur of the defendant in the management of
his motor-truck, brought to the Borough Court of
Greenwich and thence by the defendant's appeal to the
Court of Common Pleas in Fairfield County and tried
to the court, *Walsh, Acting-Judge;* facts found and judg-
ment rendered for the plaintiff Coffin to recover $599,
for injury to his automobile, and for the plaintiff
Umbrogia to recover $480, for personal injuries, from
which the defendant appealed. *No error in either case.*

*Robert R. Rosan,* for the appellant (defendant).

*Wilbur S. Wright,* for the appellees (plaintiffs).

RORABACK, J. These actions were tried together in
the court below and upon appeal in this court by con-
sent of counsel.

It appears from the finding that at about the hour of
three o'clock in the afternoon of May 30th, 1913, there
was a collision between the defendant's motor-truck
driven by his son, and John R. Coffin's automobile
driven by Antonio Umbrogia. The place of the collision
was in Greenwich, Connecticut, upon a highway known
as the "Post Road." The road at this place is at the
foot of quite a steep hill which slopes westerly. The
highway at the foot of the hill consists of a fill of the

natural depression in the surface of the ground, which constitutes what is called a causeway. This causeway is three hundred feet long. There is an iron pipe rail upon uprights along both sides of the causeway. These uprights are fastened in the top of the stone walls which compose the sides of the causeway. A brook passes through a culvert under the causeway. The road at this point is about twenty-six feet wide. The surface of this road is paved with warrenite. At the time of the accident it was slippery from grease dropped by passing automobiles. At the time of the accident there was another automobile standing at the foot of the hill, which had stopped for repairs. This automobile was headed westerly and standing near the north side of the road. There was also an open surrey, drawn by two horses, proceeding easterly along the right-hand side of this highway. The plaintiff's car was a five passenger touring car going in an easterly direction at a speed of about eighteen miles an hour. The defendant's car was a heavy motor-truck weighing three tons. Just before the accident it was coming down the hill and going westerly at a high rate of speed, at least twenty-five miles an hour. When the defendant's car was descending the hill the driver saw the automobile standing on the northerly side of the road, and swung his car to the middle of the road to avoid it. The motor-truck then skidded and got beyond the control of the chauffeur, and with great force collided, head on, with the plaintiff's automobile, which at this time was on the southerly side of the highway and within two feet of the foot path used by pedestrians. There was sufficient room for the motor-truck to have safely passed the plaintiff's car when the collision occurred, had the defendant's motor-truck been operated at a safe rate of speed and in a proper manner.

The result of the collision was the telescoping of the

front of the plaintiff's automobile back to the driver's seat. Umbrogia, the driver, by this collision was pinned down in the driver's seat and severely injured. Umbrogia at the time of the accident was in the exercise of due care and not guilty of contributory negligence.

The Court of Common Pleas reached the conclusion that the direct and proximate cause of the accident was due to the negligence of the defendant's servant. The defendant contends that this conclusion is not warranted by the evidence, which comes before us under § 797 of the General Statutes, and we are asked to make numerous corrections in the finding.

A careful examination of the record shows that there was evidence tending to support the conclusions embodied in the finding, and it does not appear that the court refused to find any fact which was established by undisputed evidence. Therefore, the motion to correct is denied.

The defendant's contention that "the plaintiff's chauffeur, and therefore the plaintiff, was guilty of contributory negligence as a matter of law, in traveling at a speed exceeding ten miles an hour, when approaching and traversing a bridge, and while his view of the road and traffic was obstructed," is not supported by the record.

It appears from the finding that the place of the collision was a highway or road. There is no precise legal meaning attaching to the word "bridge," applicable to all cases, where the definition of this word is involved. "What is a bridge or a highway," is more a question of fact than of law. This is to be determined by the particular circumstances of each case and the law applicable thereto. *Phillips* v. *East Haven,* 44 Conn. 25, 30; *Norwalk* v. *Podmore,* 86 Conn. 658, 662, 86 Atl. 582. In this instance the complaints in both cases describe the place where the accident occurred as a highway

known as the "Post Road." The defendant in his answer admits this allegation. The trial court in its finding has detailed at length the manner in which the roadway at this point was constructed and its relation to its surroundings, and we cannot say that as a matter of law there is error in finding that the *locus in quo* is not a "bridge." Assuming that it had been found that the chauffeur of the plaintiff was traversing a bridge and in fact violating the law upon this subject, it does not necessarily follow that this would bar the plaintiff's right to recover. It should also appear that this violation was the proximate cause of the injury sustained. *Farrington* v. *Cheponis*, 84 Conn. 1, and cases cited on page 8, 78 Atl. 652. This does not appear.

The plaintiff had had dealings for two or three years in cars of the make now in question. He was acquainted with the price of second-hand cars. He had ascertained the price of new cars like the one damaged, and he had made extended inquiries as to the value of his car after the accident. The decision of the trial court that the witness knew enough about automobiles to give his opinion as to the value of his car after it was injured, and as to the damage he had sustained in consequence of such injury, was not erroneous. The determination of the qualification of an expert is largely a matter for the discretion of the trial court. *State* v. *Main*, 69 Conn. 123, 140, 37 Atl. 80; *Barber* v. *International Co. of Mexico*, 73 Conn. 587, 48 Atl. 758; *Hygeia Distilled Water Co.* v. *Hygeia Ice Co.*, 70 Conn. 516, 40 Atl. 534. "Some facts must be shown as the foundation of such an opinion, but there is no rule of law declaring the precise facts which must be proved before such an opinion may be received in evidence. It is largely a matter of judicial discretion whether a witness has been shown to have sufficient experience and opportunity of observation to render his opinion of value upon a

question of this kind." *Barber* v. *Manchester*, 72 Conn. 675, 684, 45 Atl. 1014. "The decision of a trial judge in admitting a witness to testify as an expert will not be reviewed, unless it is clearly shown to have been based on incompetent or insufficient evidence." *State* v. *Main*, 69 Conn. 123, 141, 37 Atl. 80. The testimony of the plaintiff as to the diminution in the value of the car in consequence of the collision was properly admitted. *Brainard* v. *Boston & N. Y. R. Co.*, 78 Mass. (12 Gray) 407, 409, 411; *Baltimore* v. *Smith & Schwarz Brick Co.*, 80 Md. 458, 31 Atl. 423; *Cadwell* v. *Canton*, 81 Conn. 288, and cases cited on page 293, 70 Atl. 1025.

It was claimed on the part of the defendant that the court below erred in admitting testimony as to the value of the car before and after the accident. "Just compensation in money for the actual loss sustained is the basic principle of the rule of damages in a case like this. It is not always necessary in such case to prove what the property would sell, or could be purchased for in the market, before and after the accident. Such a machine as that owned by the plaintiff may have had no such market value as would fairly measure the plaintiff's real loss. Evidence of the fair cost of the repairs, made necessary by the injury, less the increased value of the repaired machine, above its value before the accident, was legitimate evidence of the plaintiff's damage." *Cadwell* v. *Canton*, 81 Conn. 288, 292, 70 Atl. 1025. Evidence of the value of the automobile before and after the accident could fairly be considered with the other facts in the case from which the court might determine the amount of the plaintiff's damages. It was made a reason of appeal in both cases that the plaintiff introduced no competent evidence to prove the damages sustained by the collision. In cases of this nature damages cannot always be computed by mathematical calculation. *Knight* v. *Continental Automobile Mfg. Co.*,

82 Conn. 291, 293, 73 Atl. 751. The record clearly demonstrates that there was an abundance of competent evidence which fully justified the finding of the court upon the question of damages.

Other assignments of error, relating to the finding of the court upon the question of negligence and contributory negligence, call for no decision, in view of our conclusion upon the motion to correct.

There is no error.

In this opinion the other judges concurred.