## EVANSVILLE AND SOUTHERN INDIANA TRACTION COMPANY *v.* WILLIAMS.

[No. 22,843. Filed October 26, 1915.]

1. RAILROADS.— *Crossing Accidents.— Injury to Property.— Complaint.*—A complaint for damages to plaintiff's team and wagon caused by collision with defendant's car at a highway crossing, alleging facts to show the dangerous character of the crossing and that defendant operated the car at a dangerous rate of speed and failed to sound the gong or give any signal of its approach to the crossing, and containing all necessary averments as to venue, negligence of defendant, freedom from contributory negligence, etc., was sufficient as against the objection that no duty owing from defendant to the plaintiff was shown. p. 635.

2. APPEAL.—*Review.—Instructions.—Failure to Point Out Error.—* No question is presented on alleged error in the giving of instructions, where appellant fails to point out wherein the instructions are erroneous. p. 636.

3. RAILROADS.—*Crossing Accidents.—Injury to Property.—Contributory Negligence.— Burden of Proof.— Instructions.—* In actions for damages to personal property, the defendant has the burden of proving freedom from contributory negligence; hence in an action for damages to plaintiff's team and wagon in a railroad crossing accident, the court erred in refusing an instruction that plaintiff had the burden of proving that the driver of the team and wagon used his senses of sight and hearing to ascertain if a car was approaching and that he in no way directly contributed to the injury, in view of no other instruction on the subject. p. 636.

4. RAILROADS.— *Crossing Accidents.— Duty to Look and Listen.— Instructions.*—An instruction stating that the presence of a railroad track is a warning of danger to any one attempting to cross, and that it is the duty of such a person to use his eyes and ears to learn if the crossing is safe, which is a continuous duty that must be performed at any point from which the approach of cars may be detected, and that if the driver of plaintiff's team and wagon failed to perform such duty, and by performing it he

might have avoided the danger, such failure was contributory negligence precluding a recovery by plaintiff, correctly stated the law and its refusal was error.   p. 637.

From Superior Court of Vanderburgh County; *F. M. Hostetter*, Judge.

Action by Walter S. Williams against the Evansville and Southern Indiana Traction Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Woodfin D. Robinson* and *William E. Stilwell*, for appellant.

*Henry Kister* and *Bohannon, Harmon & Seacat*, for appellee.

ERWIN, J.—This was an action brought by appellee against appellant for damages to personal property alleged to have been ·caused by the negligence of appellant. The errors assigned are, (1) that the complaint does not state facts sufficient to constitute a cause of action, (2) that the court erred in overruling the demurrer of appellant to the complaint, (3) that the court erred in overruling appellant's motion for a new trial.

The complaint is in one paragraph and after describing the location of appellant's road and the surroundings of the scene of the accident in detail, showing a dangerous railroad crossing, appellee further alleges that he had in his employ a certain person who was driving a team along the highway running over and across appellant's right of way; he then alleges certain facts showing care and diligence on the part of appellee's servant in approaching the crossing and follows this with the averment that appellant carelessly and negligently ran and operated its said car by running the same at a high, reckless and dangerous rate of speed, to wit, forty miles per hour; and that the servants failed and neglected to sound the whistle or gong, or ring the bell on

said car, and negligently failed and neglected to give any signal whatever of the approach of the car to and upon the crossing, and negligently failed to reduce the speed of the car, but continued to come upon the crossing in such reckless and negligent manner; that as the car was being so operated in said careless and negligent manner it struck the team and wagon and other personal property of appellee and killed one of the animals and injured the other and tore up and broke other personal property therein mentioned and closing said declaration with the averment "that said damage was caused and occasioned by and resulted from the carelessness and negligence of the defendant as aforesaid, and without any fault or negligence on the part of plaintiff." Then follows a declaration of damages in the sum of $500, following with a prayer for relief in the sum of $500.

Appellant contends that the complaint does not aver facts showing any duty on the part of appellant towards appellee at the time and place of the alleged accident. It is alleged that appellant operated its car at a dangerous rate of speed at a place known to be dangerous, and that it failed to sound the gong, or ring the bell, or give any signal of its approach. We are of the opinion that the complaint is sufficient as it contains all necessary averments, as to venue, negligence of appellant, freedom from negligence on the part of appellee, the resulting injury by reason of the negligence of appellant, specifying the items of damages and the amount demanded. *Domestic Block Coal Co.* v. *De-Armey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

It is contended by appellant that the court erred in overruling its motion for a new trial. The causes for a new trial as set out in the motion are, (1) the giving of certain instructions by the court of its own motion, seven in all, (2) the refusal of the court to give certain instructions tendered by appellant, five in all, (3) the verdict is not sustained by sufficient evidence, and (4) that the verdict of the jury is contrary to law.

Appellant in its brief does not attempt to point out wherein any instruction given by the court of its own motion is erroneous, hence as to those instructions no question is presented for our consideration. Clause 5, Rule 22 of this court; *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 672, 103 N. E. 481; *Bray* v. *Tardy* (1914), 182 Ind. 98, 99, 105 N. E. 772; *Buffkin* v. *State* (1914), 182 Ind. 204, 207, 106 N. E. 362; *Weidenhammer* v. *State* (1914), 181 Ind. 349, 103 N. E. 413, 104 N. E. 577; *German Fire Ins. Co.* v. *Zonker* (1915), 57 Ind. App. 696, 702, 108 N. E. 160; *Smith* v. *Finney* (1914), 56 Ind. App. 93, 94, 104 N. E. 88[7]

Appellant in its brief presents the question as to the refusal of the court to give its tendered instructions Nos. 3 and 6. Instruction No. 3 reads as follows: "The burden of proof is on the plaintiff to show by a preponderance of the evidence that the driver of the team and wagon used his senses of sight and hearing to ascertain if a car was approaching and if this has not been shown to you by a preponderance of the evidence, the plaintiff can not recover. And the plaintiff must also prove by a preponderance of the evidence that the negligence of the defendant or its servants or employes caused the damage complained of, and that the plaintiff and the driver of the team and wagon in no way directly contributed to the injury." Appellant asserts and appellee does not deny the proposition that no other instruction was given by the court which embodies the law on this phase of the case; and an examination of the record discloses that none was given. In actions for damages to property the burden of proving freedom from contributory negligence is upon the complaining party. *Potter* v. *Fort Wayne, etc., Traction Co.* (1909), 43 Ind. App. 427, 87 N. E. 694; *Cleveland, etc., R. Co.* v. *Moore* (1909), 45 Ind. App. 58, 60, 90 N. E. 93; *Fort Wayne, etc., Traction Co.* v. *Monroeville Home Tel. Co.* (1913), 179 Ind. 334, 100 N. E. 69; *Cleveland, etc., R. Co.* v. *Tauer* (1911), 176 Ind.

621, 96 N. E. 758, 39 L. R. A. (N. S.) 20. The refusal to give this instruction was error.

Instruction No. 6 reads as follows: "The presence of railroad tracks is a warning of danger to any one attempting to cross them, and it is the duty of a person about to cross railroad tracks to use his eyes and ears to learn that the crossing is safe, and, that this duty is not performed by such person by looking from the point where the view is obstructed, but the duty is a continuous one, and must be performed at any point from which the presence of cars might have been detected; and if you find from the evidence in this case that the driver of the team and wagon failed to perform this duty, and by performing it he might have seen the danger in time to have avoided it, such failure was contributory negligence on his part, and the plaintiff can not recover in this action." The proposition of law, embodied in this instruction, has been approved by this and the Appellate Court and should have been given. *Malott* v. *Hawkins* (1902), 159 Ind. 127, 134, 63 N. E. 308, and cases cited; *Lake Shore, etc., R. Co.* v. *Brown* (1908), 41 Ind. App. 435, 438, 84 N. E. 25; 3 Elliott, Railroads §1166.

In view of the fact that the judgment must be reversed on the errors in refusing to give instructions Nos. 3 and 6 it will not be necessary to consider any further alleged errors as they may not arise upon a second trial. Judgment reversed with instructions to grant a new trial.

NOTE.—Reported in 109 N. E. 963. As to duty of travelers on highway to use their senses of sight, hearing, etc., at railroad crossings, see 90 Am. Dec. 780. As to sufficiency of general allegations of negligence, see 59 L. R. A. 238. On the duty to look and listen before crossing tracks of an electric road, see 15 L. R. A. (N. S.) 254; 23 L. R. A. (N. S.) 1224. On the burden of proof as to contributory negligence, see 33 L. R. A. (N. S.) 1085. Duty of street railway to give notice of approach of car by sounding gong or bell, see 20 Ann. Cas. 152. See, also, under (1) 33 Cyc. 1053; (2) 3 C. J. 1378; 2 Cyc. 994; (3) 33 Cyc. 1070, 1138; (4) 33 Cyc. 1000, 1140.