# CASES DECIDED

IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1917, IN THE ONE HUN-
DRED AND FIRST YEAR OF THE STATE.

---

INDIANAPOLIS AND CINCINNATI TRACTION COMPANY
*v*. SHERRY.

[No. 9,314. Filed June 19, 1917.]

1. STREET RAILROADS.—*Injury to Property.*—*Contributory Neg-
ligence.*—*Burden of Proof.*—*Instructions.*—In an action for in-
juries to person and property sustained in a collision with a
street car, an instruction placing on defendant the burden of
proof as to the entire issue of contributory negligence is erron-
eous, since, in actions for damages to personal property, the
burden is on the plaintiff not only to aver and prove that the
injury to his property was caused by the negligence of the
defendant, but also that he was not guilty of contributory
negligence proximately causing the injury. p. 3.

2. STREET RAILROADS.—*Injuries to Person.*—*Instructions.*—*Plead-
ing and Proof.*—In an action for injuries to person, an in-
struction directing a verdict for plaintiff if the jury found
"that the plaintiff sustained injuries as alleged in the com-
plaint," and that they were sustained by reason of defendant's
negligence, is erroneous as not limiting the right of recovery
to the acts of negligence alleged in the complaint, since, in an
action for damages predicated on negligence, plaintiff is only
entitled to recover on proof of acts of negligence charged in
the complaint, regardless of what other negligence may be
disclosed by the evidence. p. 4.

3. APPEAL.—*Review.*—*Refusal of Instructions.*—The rejection
of an instruction, tendered in due time, and fairly stating the
law as applied to the issues and the evidence, is reversible
error, unless the subject-matter of such instruction is covered

2    APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Sherry—65 Ind. App. 1.

by others given, or it appears that the substantial rights of the party were not prejudiced by the refusal. p. 6.

4. WITNESSES.—*Examination.*—*Damages.*—*Question.*—In an action for damages to an automobile, a question as to "what it cost to repair the automobile" is objectionable as not limiting the cost of repairs, in determining the damages, to such repairs as were made necessary by defendant's negligence. p. 7.

5. DAMAGES.—*Injury to Automobile.*—*Evidence.*—*Sufficiency.*— In an action for damages to an automobile, testimony, "I don't know what it cost to repair it, but I know there was paid out $420 to fix it up in running order," being the only evidence on the subject of damages, is insufficient to sustain a verdict for plaintiff, since such evidence furnishes no basis for estimating the damages, especially where the automobile was a second-hand machine and not in first-class condition at the time of the accident. p. 7.

From Union Circuit Court; *George L. Gray,* Judge.

Action by Luther Sherry against the Indianapolis and Cincinnati Traction Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Kittinger & Diven,* for appellant.

*David W. McKee, Raymond S. Springer, Richard N. Elliot* and *Allen Wiles,* for appellee.

BATMAN, J.—Appellee filed his complaint in the court below to recover damages on account of injuries to himself and to his automobile, alleged to have been caused by the negligent operation of one of appellant's interurban cars at a street crossing in the city of Connersville, Indiana. Appellant answered by general denial. Trial was had by jury, and judgment was rendered in favor of appellee for $1,000. From this judgment appellant prosecutes this appeal, and relies for reversal on the action of the trial court in overruling its motion for judgment in its favor on the interrogatories and answers returned by the jury with its general verdict for appellee, and in overruling its motion for a new trial. In the latter motion appellant bases error, among other things, on the action of the court in giv-

MAY TERM, 1917.                3

Indianapolis, etc., Traction Co. *v.* Sherry—65 Ind. App. 1.

ing certain instructions on its own motion, in refusing to give certain instructions tendered by it, and in admitting certain evidence over its objections.

Among the instructions given by the court on its own motion is No. 6, which reads as follows: "Under the issue formed by the pleadings filed, the plaintiff must prove the alleged negligence of the defendant railway company, by a fair preponderance of the evidence, and the defendant as a matter of affirmative defense must prove negligence on the part of the plaintiff at the time of the accident alleged, by a fair preponderance of the evidence."

Appellant contends that this instruction is erroneous. It bases this contention on the fact that appellee, by its complaint in this action, seeks to recover dam-

1. ages not only for injuries to himself but also for injuries to his automobile; and hence this instruction placed on it a greater burden than it was required to assume under the law. In this appellant is correct. The statute provides that in actions for damages brought on account of alleged negligence causing personal injuries, contributory negligence shall be a matter of defense, which may be proved under an answer of general denial. §362 Burns 1914, Acts 1899 p. 58. But in actions for damages to personal property on account of alleged negligence, the burden is on the plaintiff, not only to aver and prove that the injury to his property was caused by the alleged acts of negligence of the defendant but also that no negligence of his own contributed proximately thereto. *Potter* v. *Fort Wayne, etc., Traction Co.* (1908), 43 Ind. App. 427, 87 N. E. 694; *Cleveland, etc., R. Co.* v. *Moore* (1909), 45 Ind. App. 58, 90 N. E. 93; *Ackerman* v. *Pere Marquette R. Co.* (1914), 58 Ind. App. 212, 108 N. E. 144; *Fort Wayne, etc., Traction Co.* v. *Monroeville Home Tel. Co.* (1912), 179 Ind. 334, 100 N. E. 69;

*Evansville, etc., Traction Co.* v. *Williams* (1915), 183 Ind. 633, 109 N. E. 963; *Pittsburgh, etc., R. Co.* v. *Dove* (1915), 184 Ind. 447, 111 N. E. 609. By giving instruction No. 6, the court placed the burden of proof as to the entire issue of contributory negligence on appellant. The courts have repeatedly held that placing the burden of proof of an issue on the wrong party to an action is reversible error. *Hunt* v. *Osborn* (1907), 40 Ind. App. 646, 82 N. E. 933; *Gas Belt Torpedo Co.* v. *Ward* (1908), 43 Ind. App. 537, 87 N. E. 1110; *Stouffer* v. *Stoy* (1910), 46 Ind. App. 180, 91 N. E. 250; *Fort Wayne, etc., Traction Co.* v. *Monroeville Home Tel. Co., supra; Evansville, etc., Traction Co.* v. *Williams, supra.* This instruction was not withdrawn, and none other was given on the same subject. The giving of it therefore constituted reversible error.

Appellant further contends that the court erred in giving instruction No. 19 on its own motion. This instruction reads as follows: "If you find from the evidence in this cause that the plaintiff sustained injuries as alleged in the complaint, and that such injuries were sustained by the plaintiff by reason of the negligence of the defendant company, and without negligence on the part of the plaintiff, your verdict should be for the plaintiff in this action." Appellant's contention is that this instruction failed to limit the right of recovery to the acts of negligence alleged in the complaint, but opened wide the door and informed the jury that it might return a verdict for appellee if it found the injuries alleged in the complaint were the result of the negligence of appellant, whether alleged in the complaint or not. It is well settled that a plaintiff is only entitled to recover, in an action for damages predicated on negligence, by proof of one or more of the specific acts of negligence alleged in his complaint, and that a failure to make such proof will defeat his right of ac-

tion, no matter what other acts of negligence are disclosed by the evidence. *Indianapolis, etc., Transit Co. v. Derry* (1904), 33 Ind. App. 499, 71 N. E. 912; *Chicago, etc., R. Co.* v. *Thrasher* (1904), 35 Ind. App. 58, 73 N. E. 829; *Plummer* v. *Indianapolis Union R. Co.* (1914), 56 Ind. App. 615, 104 N. E. 601; *Indiana R. Co.* v. *Maurer* (1902), 160 Ind. 25, 66 N. E. 156; *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941; *Indianapolis Traction, etc., Co.* v. *Mathews* (1911), 177 Ind. 88, 97 N. E. 320; *Sandy River, etc., Coal Co.* v. *Caudill* (1901), (Ky.) 60 S. W. 180; *Savannah, etc., R. Co.* v. *Tiedeman & Bro.* (1897), 39 Fla. 196, 22 South. 658; *Louisville, etc., R. Co.* v. *Wade* (1903), 46 Fla. 197, 35 South. 963; *Northern Milling Co.* v. *Mackey* (1901), 99 Ill. App. 57; *Chicago, etc., R. Co.* v. *Mock* (1874), 72 Ill. 141. The giving of this instruction violates this rule, as its reasonable interpretation would lead the jury to believe that it was its duty to return a verdict for appellee, on a finding that his injuries were caused by any negligence of appellant, regardless of the allegations of the complaint. The giving of it was therefore error. Appellee seeks to avoid the meaning we have given this instruction by a contention that the modifying words "as alleged in the complaint" refer not only to the nature and extent of the injuries, but also to the manner of their infliction. We do not consider this contention well taken. The position of the modifying words are against such a construction. It will be observed that immediately after their use the court undertakes to tell the jury to what negligence appellee's injuries must be traceable in order to entitle him to recover in this action, and in so doing fails to limit the same to the negligence alleged in the complaint. Appellee's contention, at most, can only serve to demonstrate the confusing character of the instruction, and thus leave the giving of it error. *Summerlot*

*v. Hamilton* (1889), 121 Ind. 87, 22 N. E. 973; *Wenning v. Teeple* (1896), 144 Ind. 189, 41 N. E. 600; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101, 47 N. E. 332; *Masons', etc., Ins. Assn.* v. *Brockman* (1897), 20 Ind. App. 206, 50 N. E. 493; *Southern Ind. R. Co.* v. *Moore* (1901), 29 Ind. App. 52, 63 N. E. 863.

Appellant made seasonable tender of a number of instructions with a request that the court give the same, but all were refused. It bases error on such refusal in its motion for a new trial. Among those tendered were Nos. 15 and 35. The former was a correct instruction, as to the burden of proof on the question of contributory negligence, on the issue of damages to the automobile. The latter was a correct instruction as to the acts of negligence which the jury might consider in arriving at its verdict, expressly limiting the same to those alleged in the complaint. The rule is well settled that, where a party, in due time, tenders an instruction which fairly states the law as applied to the issues and the evidence, and the court refuses to give the same to the jury, the refusal must be held to be reversible error, unless such instruction is covered by other instructions given, or it appears that the substantial rights of such party were not prejudiced by such failure. *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 79 N. E. 499; *Baltimore, etc., R. Co.* v. *Peck* (1912), 53 Ind. App. 281, 101 N. E. 674; *Pryor* v. *Metropolitan Street R. Co.* (1900), 85 Mo. App. 367. The subject-matter of these instructions was treated by the court in Nos. 6 and 19, given by the court on its own motion, as indicated above, but in so doing the law was incorrectly stated. Such instructions were not withdrawn. We cannot say that the substantial rights of appellant were not thereby prejudiced. The refusal to give each of such instructions so requested was therefore reversible error.

Appellant bases error on the ruling of the court in permitting the plaintiff, as a witness in his own behalf, to answer the following question over its objection: "Tell the jury, Mr. Sherry, what it cost to repair the automobile, if you know?" If it be conceded that the cost of repairing an automobile damaged by the negligence of another, is a proper measure of damages or an element to be considered, as the authorities in some jurisdictions hold, still such costs must be limited to making such repairs as were caused by such negligence. An inquiry on that subject must be so limited as to confine the witness to such cost in order to be competent. This question under consideration was not so limited, and hence was objectionable.

The answer given to the above question appears to be the only evidence as to the amount of damages sustained by appellee on account of the injuries to his automobile, and, if properly admitted, would not sustain a finding in any amount on account of any such injuries. The answer is as follows: "I don't know what it cost to repair it, but I know there was paid out $420 to fix it up in running order." The witness expressly states that he does not know what it cost to repair it. Thus far the answer is responsive to the question asked, and is evidently true. He, however, volunteers the statement that there was paid out $420 to fix it up in running order, which falls far short of affording any basis in arriving at the damages sustained. While the rule for determining the amount of damages to personal property varies in some degree in different jurisdictions, and is affected by existing circumstances, it is manifest that just compensation in money, for the actual loss sustained, is the basic principle which should control. This principle is applicable to damages to automobiles as well as to other personal property. Berry, Automobiles (2d ed.) §547; *Cad-*

*well* v. *Canton* (1908), 81 Conn. 288, 70 Atl. 1025; *Coffin* v. *Laskau* (1915), 89 Conn. 325, 94 Atl. 370, L. R. A. 1915E 959. An application of this principle makes it apparent that no part of the judgment in this action can rest on such answer. There is no way of ascertaining how much of the amount was spent to repair the damages occasioned by appellant's alleged negligence, or whether the amount so paid was a reasonable compensation for the repairs, or the relative value of the automobile when so repaired as compared with its value just prior to the damages inflicted. These are all pertinent matters where it is sought to have the cost of repairs considered as an element of damages, rather than the value of the property before and after the damage. Berry, Automobiles (2d ed.) §547; *Crossen* v. *Chicago, etc., R. Co.* (1910), 158 Ill. App. 42; *Peabody* v. *Lynch* (1913), 184 Ill. App. 78; *Latham* v. *Cleveland, etc., R. Co.* (1911), 164 Ill. App. 559; *Cadwell* v. *Canton, supra; Coffin* v. *Laskau, supra; General Fire Extinguisher Co.* v. *Beal-Doyle, etc., Co.* (1913), 110 Ark. 49, 160 S. W. 889, Ann. Cas. 1915D 791, and note. These matters are especially pertinent in the instant case, since the automobile in question was a second-hand machine when it was purchased by appellee about six months before the accident, and the evidence tended to show that it was not in first-class condition when damaged. We therefore conclude there was no evidence to sustain so much of the verdict as assesses damages for the injuries to the automobile.

Appellant also contends that the court erred in overruling its motion for judgment on the interrogatories and answers thereto notwithstanding the general verdict. We have examined the interrogatories and answers in the light of appellant's contention, but do not express an opinion as to its merits, as we have concluded, in view of the entire record, that the ends

of justice will be best subserved by directing a new trial on reversing the judgment of the court below.

We note appellee's contention that appellant's statement of errors relied on, as to the overruling of its motion for a new trial, is too general to raise any question. We do not consider this contention well taken, as there seems to be a substantial compliance with the rule in that regard.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial, and for such further proceedings as are not inconsistent with this opinicn.

NOTE.—Reported in 116 N. E. 594.