## STANDARD BREWERY v. MUSULIN.

[No. 23,748.   Filed March 19, 1920.]

1. NEGLIGENCE.—*Owner of Real Estate.—Construction of Signboard.—Ordinary Care.*—A person in constructing a signboard on his premises near the line of a street owed the duty of exercising ordinary care, or such care as an ordinarily prudent person would exercise under the circumstances, for the safety of persons and property in the street.   p. 233.

2. TRIAL.—*Instructions.—Invading Province of Jury.—Ordinary Care.*—In an action for injuries to the plaintiff's horses caused by the falling of a signboard from the defendant's premises into the street, an instruction that the defendant was required to exercise active vigilance to see that the signboard was kept in a reasonably safe condition was an invasion of the province of the jury, it permitting the construction that the defendant was required to be constantly alert and watchful to see that the structure was in a safe condition.   p. 233.

3. NEGLIGENCE.—*Ordinary Care.—Jury Question.*—In an action for injuries to the plaintiff's horses caused by the falling of a sign-

board from the defendant's premises into the street, it was for the jury to determine what acts and conduct on the defendant's part would constitute ordinary care. p. 233.

4. NEGLIGENCE.—*Injuries to Personal Property.*—*Contributory Negligence.*—*Burden of Proof.*—In actions for injury to personal property, the plaintiff has the burden of proving that the injury did not result from his contributory negligence, §362 Burns 1914, Acts 1899 p. 58, applying only to actions for personal injury or death caused by another's negligence. p. 234.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Charles Musulin against the Standard Brewery. From a judgment for the plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Fred Barnett* and *G. Raymond Collins,* for appellant.

*Gavit, Hall & Smith,* and *Roy E. Green,* for appellee.

LAIRY, J.—This is an appeal from a judgment for damages resulting from injuries to a team of horses owned by appellee. As shown by the complaint, appellant, being the owner of certain real estate adjacent to a street, negligently permitted a large signboard to be and remain on said real estate near the line of the street, which signboard fell outward into the street, striking appellee's horses and causing the injuries on which the claim in suit is based. The complaint alleges that the injury to the horses was caused solely by the negligence of appellant, and without any fault or negligence on the part of appellee.

The court overruled appellant's motion for a new trial, which ruling is assigned as error on appeal. Among the causes assigned for a new trial was the

action of the trial court in giving certain instructions to the jury over the objections and exceptions of appellant.

The owner of real estate, in constructing and maintaining the signboard, under the facts shown by the record, owed a duty to use care for the safety

1. of persons and property in the street, but the measure of care required to discharge the duty was only ordinary care, or such care as a person of ordinary prudence would have used under like conditions and circumstances.

By the fifth instruction, as well as by the seventh, the jury was told, in effect, that appellant was required by law to exercise active vigilance to

2. see that the signboard was maintained in a reasonably safe condition. The court is of the opinion that the jury would understand from

3. the language used that the care exacted by the law from appellants was to be measured by some standard other than that heretofore stated and universally recognized. The jury would understand that the law required appellant to be constantly alert and watchful to see that the structure was at all times in a safe condition. It was for the jury to determine as a question of fact what acts and conduct on the part of the defendant would measure up to the legal standard of ordinary care. By giving the instruction mentioned the court invaded the province of the jury. *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737.

The court also erred in giving instruction No. 10, by which the jury was told that, in an action for dam-

ages resulting from injuries to personal prop-
erty, contributory negligence is a defense.

4. Under the rule followed in this state, the burden was on the plaintiff to allege and to prove freedom from contributory negligence in all actions for damages based on negligence until that rule was modified by statute. Acts 1899 p. 58, §362 Burns 1914. That statute provides in substance that, in actions to recover damages resulting from personal injury or death of any person occasioned by the negligence of another, the burden of proving contributory negligence shall rest on the defendant. The statute cited does not change the rule in *actions to recover damages for injury to personal property.* In such actions the burden still rests on the plaintiff to allege and prove that the injury did not result from contributory negligence on his part. *Cleveland, etc., R. Co.* v. *Tauer* (1911), 176 Ind. 621, 96 N. E. 758, 39 L. R. A. (N. S.) 20; *Fort Wayne, etc., Traction Co.* v. *Monroeville, etc., Tel. Co.* (1913), 179 Ind. 334, 100 N. E. 69.

The sufficiency of the complaint was challenged by demurrer, and the action of the court in overruling such demurrer is assigned as error; but, as the judgment must be reversed for other reasons, and as the complaint will probably be amended before another trial, the question so presented need not be decided.

For error of the court in giving instructions Nos. 5, 7, and 10, the judgment in the trial court is reversed, with instructions to sustain appellant's motion for a new trial.